Marion Edward WILLIAMS, Appellant,

v.

Lou BREWER, Warden, Iowa State Penitentiary, Appellee.

No. 20689.

United States Court of Appeals,
Eighth Circuit.

May 19, 1971.

Oscar E. Jones, Des Moines, Iowa, and Ted W. Rockwell, W. Lawrence Oliver, James B. Morris, Jr., Des Moines, Iowa, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, G. Douglas Essy, Asst. Attys. Gen., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge, GIBSON, Circuit Judge, and HENLEY, Chief District Judge.*

HENLEY, Chief District Judge.

This is an appeal from an order of the United States District Court for the Southern District of Iowa, Central Division, dismissing a petition for a writ of habeas corpus filed by appellant, Marion Edward Williams, who was at the time an inmate of the Iowa State Penitentiary. For convenience, appellant will be referred to as "petitioner."

Petitioner was convicted in 1968 in the District Court of Polk County, Iowa, of having failed to keep records of his purchase and sale of certain low-grade narcotic drugs, namely Robitussin A-C and Elixir of Terpin Hydrate and Codeine, as required by section 204.9, Code of Iowa, 1966. He was fined and sentenced to confinement in the Iowa State Penitentiary for a term of two years. His conviction was affirmed by the Supreme Court of Iowa. State v. Williams, Iowa, 1969, 171 N.W.2d 521. The Supreme Court of the United States denied certiorari, Williams v. Iowa, 1970, 398 U.S. 937, 90 S.Ct. 1837, 26 L.Ed.2d 268. A petition for a writ of habeas corpus filed in the District Court of Lee County, Iowa, was denied. No contention is here made that petitioner has not exhausted State remedies as required by 28 U.S.C.A. § 2254.

There is no question that during the period covered by the State court indictment petitioner failed to keep and maintain records of substantial purchases of the drugs in question. He has never contended to the contrary. He has contended consistently that if the Iowa statute above mentioned is properly construed he was not required to keep records of his purchases and sales of the drugs in question; that if the statute is construed so as to require the keeping of such records, it is unconstitutionally vague in that it did not afford him "fair warning" that his failure to keep records of his purchases and sales of Robitussin and Terpin Hydrate-Codeine was a crime; and that, in any event, his prosecution and conviction involved a denial to him of the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Chapter 204 of the Code of Iowa is the Iowa version, as amended in 1965, of the Uniform Narcotic Drug Act; relevant provisions of the Act are abstracted in some detail in the opinion of the Supreme Court of Iowa that has been mentioned. Section 204.9 under which petitioner was convicted is entitled, "Records to be kept." It must be read in connection with section 204.8 which is entitled, "Preparations exempted."

Section 204.8(5) provides that "Except as otherwise provided," Chapter 204 does not apply to the administering, dispensing, or selling of certain preparations, including those that have been mentioned, containing not more than one grain of codeine, or any of its salts, per one fluid ounce or per one avoirdupois ounce when such preparations are administered, dispensed or sold by persons and under conditions prescribed by the Iowa Board of Pharmacy.

Section 204.9 is as follows:

"Medical practitioners, manufacturers, wholesalers, pharmacies, pharmacists, hospitals, laboratories, and every person who purchases for resale or who sells narcotic drugs, shall keep such records as may be required by the board relating to receipt, manufacture, inventory, distribution, including dispensing, administering, sale, or other disposition, and information as to narcotics stolen, lost, or destroyed. In every case the record of narcotic drugs received shall show the date of receipt, the name and address of the person from whom received, and the kind and quantity of drugs received; the kind and quantity of narcotic drugs produced or removed from process of manufacture, and the date

* Chief District Judge, Eastern District of Arkansas, sitting by designation.

of such production or removal from process of manufacture. The record of all narcotic drugs sold, administered, dispensed, or otherwise disposed of, shall show the date of selling, administering, or dispensing, the name and address of the person to whom, or for whose use, or the owner and species of animal for which the drugs were sold, administered or dispensed and the kind and quantity of drugs.

"Every such record shall be kept for a period of five years from the date of the transaction recorded. The keeping of a record required by or under the federal narcotic laws containing substantially the same information as is specified by this chapter, shall constitute compliance with this section, except that every such record shall contain a detailed list of narcotic drugs lost, destroyed, or stolen, if any, the kind and quantity of such drugs, and the date of the discovery of such loss, destruction, or theft."

While section 204.9 authorized the Board of Pharmacy to require by regulation or otherwise that records be kept relating to the receipt, manufacture, inventory, distribution, etc. of narcotic drugs, it appears that the Board has never in fact made any record keeping requirements with respect to drugs such as are involved in this case.

Prior to his conviction petitioner was a registered pharmacist practicing his profession in the City of Des Moines. The record indicates that in the course of his business he sold substantial quantities of Robitussin and Terpin Hydrate-Codeine without prescriptions, and this he had a right to do under the clear terms of section 204.8(5). It also appears that petitioner in fact kept at least some records revealing the identity of persons purchasing the drugs in question and that he kept some records of his acquisitions of such drugs. However, his records of acquisitions were not complete or, if they were, he did not show a number of invoices to inspectors of the Board who audited his business in

1967, the audit covering the final six months of 1966.

As far as the application of Section 204.9 to him is concerned, petitioner argues as he did in the State courts that unless and until the Board of Pharmacy made record keeping requirements with respect to what are at times called "Class X" drugs, he was not required to keep any records relating to his acquisition and sale of such drugs. In that connection he points to the fact that prior to the 1965 amendment to the Iowa statute which became effective in 1966 the law specifically provided that dispensers of exempt drugs must keep records of their receipts and dispositions of such drugs, and that that express requirement was omitted from the 1965 amendment. He also points out that the Board of Pharmacy published a booklet in 1966 entitled: "The Pharmacy Laws of Iowa and Laws, Rules and Regulations of Other Departments Affecting Pharmacy—Opinions of the Attorney General—Director of: Drug Stores, Wholesalers, Manufacturers," which booklet prominently displayed the following notice:

"PHARMACISTS PLEASE NOTE:

"Exempt Narcotic clarification:

"Preparations containing *only* one grain or less of Codeine per ounce are exempt under Iowa Law. Preparations containing other Opium derivatives in *any* amount are *not* exempt under Iowa law even though they are exempt under Federal Law."

Taking into consideration the language of the present section 204.9, the language of its predecessor statute, and the contents of the notice just quoted, we would be most reluctant initially to construe section 204.9 in the context of a criminal prosecution as requiring petitioner during the last half of 1966 to keep records of his acquisitions and sales of "Class X" drugs in the absence of a specific requirement from the Board of Pharmacy that he and others similarly situated do so. We think that

it is certainly arguable that the "In every case" requirement of the statute means simply that "in every case" in which the Board requires records to be kept they must reveal certain information. And it seems to us that this may perhaps have been the interpretation that the Board itself, the agency charged with administration of the statute, put upon it.

■ However, it is not open to us to adopt a construction of the statute different from that which the Supreme Court of Iowa has placed upon it. That Court gave careful consideration to the scope of Section 204.9, and we are bound by its interpretation.

■■ We do not accept petitioner's argument that the statute as construed by the Iowa Supreme Court is violative of due process of law. A statute is not necessarily void for vagueness simply because it may be ambiguous or open to two constructions. That petitioner was not in fact misled about his obligation or possible obligation to keep records is indicated at least to some extent by the fact that he did keep some records. As pointed out by the Iowa Court (171 N. W.2d at 528):

> "It is interesting to note defendant apparently knew and understood he was required to keep a record of his purchases and sales of Robitussin A-C as upon the request of the inspectors he without any protest or questions handed over to them some invoices and his registry book. * * *"

■ Petitioner's Equal Protection claim is based upon the fact that he seems to be the only pharmacist who has been prosecuted under present 204.9 for failing to keep records of acquisitions and sales of Robitussin and Elixir of Terpin Hydrate and Codeine, and he argues that he has been persecuted by agents of the Board and discriminatorily singled out for punishment while others similarly situated have violated the law with impunity.

This particular claim does not appear to have been raised either in the State courts or in the District Court. It was not stressed in argument before us, and it is not supported by any evidence of record. We reject it.

The judgment appealed from is affirmed.