JESSE MITCHELL ET AL. *v.* FRANCIS J. KING ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 1—decision released July 15, 1975

*Richard M. Sheiman,* deputy city attorney, for the appellants (defendants).

*Gerald T. Weiner,* for the appellees (plaintiffs).

LOISELLE, J. The named plaintiff, a minor, hereinafter designated the plaintiff, was permanently expelled from high school as a result of his alleged participation in a gang assault upon a student. The alleged attack occurred on September 28, 1972, on the grounds of Central High School in Bridgeport prior to the commencement of the school day. During the period of the plaintiff's expulsion his mother expended the sum of $859 for private school tuition. In an action brought to the Court of Common Pleas, judgment was rendered in favor of the plaintiff enjoining the defendant board of education from continuing the expulsion and awarding $850 to the plaintiff's mother, Anna Mitchell, who had joined personally as a plaintiff in the action. The defendants have appealed from that judgment.

In rendering judgment for the plaintiff, the court based its decision solely on the ground that § 10-234 of the General Statutes, which authorizes a school board to expel any student found guilty of "conduct inimical to the best interests of the school"[1] and

---

[1] General Statutes § 10-234 provides in pertinent part: "The board of education of any town may expel from school any pupil regardless of age who after a full hearing is found guilty of conduct inimical to the best interests of the school."

under which the plaintiff was expelled, was invalid as an illegal delegation of legislative power. The legislative power to delegate is not unlimited. To be constitutionally sustained, "it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform, with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoin a procedure under which, by appeal or otherwise, both public interest and private rights shall have due consideration." *State* v. *Stoddard*, 126 Conn. 623, 628, 13 A.2d 586. No declaration of legislative policy is contained in § 10-234; however, title 10 of the General Statutes, of which § 10-234 is a part, declares the state's special interest in the education of children. It can hardly be doubted that the statute in question was enacted pursuant to the policies and aims expressed in title 10 and more particularly articulated in §§ 10-4a and 10-220. *Roan* v. *Connecticut Industrial Building Commission*, 150 Conn. 333, 339–40, 189 A.2d 399.

It is true that the modern tendency is liberal in approving delegation under broad regulatory standards so as to facilitate the operational functions of administrative boards or commissions, and it is unrealistic to demand detailed standards which are impracticable. *Forest Construction Co.* v. *Planning & Zoning Commission*, 155 Conn. 669, 679, 236 A.2d 917. A statute, however, which forbids or requires conduct in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process. *Baggett* v. *Bullitt*,

377 U.S. 360, 367, 84 S. Ct. 1316, 12 L. Ed. 2d 377; *Connally* v. *General Construction Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322. Laws must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly. Also, if arbitrary and discriminatory enforcement is to be prevented, laws must provide adequately delineated standards for those who apply them. It is a basic principle of due process that a statute is void for vagueness if its prohibitions are not clearly defined. See *Lanzetta* v. *New Jersey*, 306 U.S. 451, 59 S. Ct. 618, 83 L. Ed. 888; see, generally, note, "The Void-For-Vagueness Doctrine in the Supreme Court," 109 U. Pa. L. Rev. 67. A vague statute may inhibit the exercise of constitutionally protected freedoms by having persons " 'steer far wider of the unlawful zone' . . . than if the boundaries of the forbidden areas were clearly marked." *Baggett* v. *Bullitt*, supra, 372.

Distinct from, but often congruent with, the defect of vagueness is that of statutory overbreadth, that is, where the reach of the statutory language, no matter how precise, prohibits conduct protected by the constitution. See *Zwickler* v. *Koota*, 389 U.S. 241, 249–50, 88 S. Ct. 391, 19 L. Ed. 2d 444; *Grayned* v. *Rockford*, 408 U.S. 104, 114, 92 S. Ct. 2294, 33 L. Ed. 2d 222; see, generally, note, "The First Amendment Overbreadth Doctrine," 83 Harv. L. Rev. 844. The claim of the plaintiffs that the statutory language of § 10-234 is overbroad need not be discussed in view of the disposition made on the issue of vagueness.

The court's decision as to the unconstitutionality of § 10-234 was not based on its application to the plaintiff. Rather, the court found the statute to

be invalid as an illegal delegation because the language, "conduct inimical to the best interests of the school," was too vague and indefinite to be regarded as a standard for expulsion of students. A statute must be construed as a whole since particular words or sections of the statute, considered separately, may be "lacking in precision of meaning to afford a standard sufficient to sustain" it. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 537, 541, 45 A.2d 828; see *Forest Construction Co.* v. *Planning & Zoning Commission,* supra, 679. The "best-interest" standard has been widely used and well understood in our law; *In re Appeal of Kindis,* 162 Conn. 239, 243, 294 A.2d 316; however, when juxtaposed with "inimical" the standard must be examined to determine if it conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. What the phrase "inimical to the best interests" may mean to different persons is virtually unlimited. The descriptions and illustrations used in Webster's New International Dictionary (3d Ed.) to indicate the meaning of "inimical" and its synonym "adverse" are numerous and varied. Its meaning may range from unsympathetic in tendency to having the disposition of an enemy. A term so varied in meaning is not sufficient to constitute definition, inclusive or exclusive.

This court is mindful of the comprehensive authority of school officials to prescribe and control conduct in schools and the need for flexibility and reasonable breadth in statutes which guide them in their duties and which authorize them to accomplish educational ends. That authority, however, must be consistent with constitutional safeguards. See *Goss* v. *Lopez,* 419 U.S. 565, 95 S. Ct. 729, 42

L. Ed. 2d 725; *Tinker* v. *Des Moines School District,* 393 U.S. 503, 89 S. Ct. 733, 21 L. Ed. 2d 731. Section 10-234, when read in the light of the legal principles enunciated, is unconstitutionally vague on its face. It does not give fair notice that certain conduct is proscribed; it makes no distinction between student conduct on or off school property, during school hours or while school is not in session. It fails to provide any meaningful indication as to what range of behavior would legitimately subject a student to expulsion. Thus, the time, the place, and the nature of student conduct that might be deemed "inimical to the best interests of the school" would lie entirely within the subjective discretion of the board of education. A more specific legislative standard is required. See *Coates* v. *Cincinnati,* 402 U.S. 611, 91 S. Ct. 1686, 29 L. Ed. 2d 214. "[T]he vice to be guarded against is arbitrary action by officials. The fact that a particular instance or action appears not arbitrary does not save the validity of the authority under which the action was taken." *Niemotko* v. *Maryland,* 340 U.S. 268, 285, 71 S. Ct. 325, 95 L. Ed. 267 (concurring opinion of Frankfurter, J.). The court was not in error in concluding that General Statutes § 10-234 was invalid as an illegal delegation of legislative power.

The defendants have assigned as error the court's award of damages, and both parties have briefed the issue of the defendants' immunity from liability. That issue will be treated as presented and briefed by the parties. It is the contention of the defendants that, as the suit was brought against them in their official capacity as public officers of the town of Bridgeport, they are immune from liability. The plaintiff's claim that as the defendants were sued in

their official capacities, the real party in interest is the board of education of Bridgeport. The judgment is explicit that it is the board that is enjoined from continuing the expulsion and that it is the board that is ordered to reinstate the plaintiff in the school, "together with a judgment of $850.00 in favor of the plaintiff Anna Mitchell."

A board of education is an agency of the state in charge of education in a town. *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 372, 355 A.2d 265; *Board of Education* v. *Board of Finance,* 127 Conn. 345, 349, 16 A.2d 601. As such an agency, it is acting in a governmental, not a proprietary, capacity. *Norwalk Teachers' Assn.* v. *Board of Education,* 138 Conn. 269, 275–76, 83 A.2d 482. In functioning under General Statutes § 10-234, the board is acting in a quasi-judicial capacity. To reach a decision, it must weigh evidence and reach conclusions. The determination of issues of fact and credibility of witnesses are matters within its province. *Conley* v. *Board of Education,* 143 Conn. 488, 492, 123 A.2d 747. It is clear that governmental immunity is a defense to the liability of the board under these circumstances. See *Wood* v. *Strickland,* 420 U.S. 308, 318 n.9, 319, 95 S. Ct. 992, 43 L. Ed. 2d 214; *Norwalk Teachers' Assn.* v. *Board of Education,* supra; annot., 33 A.L.R.3d 703–87. The court was in error in awarding damages to the plaintiff Anna Mitchell.

There is error only as to the judgment awarding damages to the plaintiff Anna Mitchell; the judgment as to her is set aside and as to her the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.