DAVID A. McKINNEY ET AL. *v.* TOWN OF COVENTRY
ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 15, 1978—decision released February 13, 1979

*William E. Breslau,* with whom was *Joel M. Fain,* for the appellants (plaintiffs).

*Abbot B. Schwebel,* with whom was *Joseph J. Kristan, Jr.,* for the appellees (defendants).

COTTER, C. J. On February 23, 1961, William A. McKinney and Dorothy M. McKinney, the parents of the plaintiff David A. McKinney, acquired approximately 234 acres of land in Coventry known as "The McKinney Farm." Public Act No. 490, enacted by the 1963 General Assembly, provided for a reduced property tax rate for land which the

municipal tax assessor determined eligible for classification as farmland, forest land or open space land.[1] Pursuant to that legislation, William A. McKinney obtained farmland classification for approximately 230 acres of the property on the Coventry tax lists for the years 1968, 1969 and 1970. On March 13, 1971, "The McKinney Farm" was sold for $38,500 to the plaintiffs, David A. McKinney and Donna H. McKinney. Subsequently, in October, 1971, the plaintiffs classified a major portion of the property as farmland in accordance with Public Acts 1963, No. 490. See General Statutes § 12-107c.

The 1972 General Assembly enacted Public Act No. 152, effective October 1, 1972, establishing a conveyance tax on land classified as farm, forest or open space land at time of transfer or change in classification, which has been codified with certain amendments not pertinent to this case as General Statutes §§ 12-504a—12-504f. On October 25, 1972, the plaintiffs renewed the farmland tax list classification for their property under the provisions of Public Acts 1963, No. 490. Thereafter, on December 28, 1972, they conveyed the premises known as "The McKinney Farm" by warranty deed to the Lorco Corporation for $500,000.

The dispute which is the subject of the present appeal originated when the warranty deed was tendered to the defendant town clerk for recording in mid-January, 1973, and when she refused to record the deed unless the plaintiffs paid her a conveyance tax of $27,450 alleged to be due pursuant to the

---

[1] See the present codification, General Statutes §§ 12-63 and 12-107a through 12-107e.

provisions of Public Acts 1972, No. 152.[2] The plaintiffs paid the tax under protest and thereafter initiated the present action seeking a return of the amount paid together with interest and a permanent injunction restraining the defendants from imposing a tax upon them under Public Acts 1972, No. 152, claiming, inter alia, that the tax imposed under that act was in violation of the state and federal constitutions. From a judgment in favor of the defendants, the plaintiffs have appealed to this court.

The principal issue for our determination in this appeal is whether the trial court erred in sustaining the validity of the 1972 conveyance act in light of the plaintiffs' constitutional challenge. It is significant to note that the plaintiffs did not appeal from the imposition of the tax in question to the board of tax review as authorized by § 4 of Public Acts 1972, No. 152, codified as § 12-504d of the General Statutes. In addition, the plaintiffs' complaint in the present collateral challenge to the validity of the taxing statute itself did not allege that the tax imposed upon them was improperly calculated. Consequently, to prevail in this action and obtain reimbursement of the taxes paid, the plaintiffs must establish the invalidity of the assessment in the first instance. See *Vecchio* v. *Sewer Authority*, 176 Conn. 497, 500, 408 A.2d 254; *Vaill* v. *Sewer Commission*, 168 Conn. 514, 518–19, 362 A.2d 885; *Bianco* v. *Darien*, 157 Conn. 548, 554–55, 254 A.2d

[2] The plaintiffs have not disputed the actual computation of their tax liability. Since 61 percent of the property was classified as farmland under Public Acts 1963, No. 490, $305,000 of the total consideration paid for the land was subject to the tax. The conveyance was made during the plaintiffs' second year of ownership, thus subjecting the plaintiffs to a tax at a rate of 9 percent of $305,000 or $27,450, under the provisions of Public Acts 1972, No. 152.

898; 14 McQuillin, Municipal Corporations (3d Ed. Rev.) § 38-188. The plaintiffs have chosen to proceed in that manner on the basis of their claims that the taxing statute was unconstitutional as it existed at the time in question.

The constitutional claims pursued by the plaintiffs in this appeal are predicated upon the due process provisions of the state and federal constitutions which generally have the same meaning and impose similar constitutional limitations. *State* v. *Pastet,* 169 Conn. 13, 19 n.5, 363 A.2d 41, cert. denied, 423 U.S. 937, 96 S. Ct. 297, 46 L. Ed. 2d 270; *Karp* v. *Zoning Board,* 156 Conn. 287, 295, 240 A.2d 845. The plaintiffs make two interrelated assertions: first, that Public Acts 1972, No. 152, failed to provide them with reasonable and fair notice of the potential conveyance tax consequences of renewing their farmland classification; and second, that the wording of that act is so inconsistent and unintelligible as to be unconstitutionally vague. Since the accepted analysis of the so-called vagueness doctrine is, in large part, based upon considerations of the traditional due process requirements of notice and nondiscretionary standards, those two constitutional claims are, in reality, founded upon the same common premise and thus may be treated as one.

In 1926, the United States Supreme Court in *Connally* v. *General Construction Co.,* 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322, a case involving a statute imposing criminal sanctions for its violation, succinctly explained the notice requirement upon which the vagueness doctrine rests, stating: "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them

liable to its penalties, is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." See comment, "Recent Supreme Court Developments of the Vagueness Doctrine," 7 Conn. L. Rev. 94. It is often within the context of challenges to statutes limiting or impinging upon First Amendment freedoms that the void for vagueness doctrine emerges. See *Smith* v. *Goguen,* 415 U.S. 566, 572–73, 94 S. Ct. 1242, 39 L. Ed. 2d 605.

Pertinent portions of the 1972 conveyance tax act are set forth in the footnote.[3] As the plaintiffs indicated at oral argument, their claim that the statute

---

[3] "[Public Acts 1972, No. 152] AN ACT ESTABLISHING A CONVEYANCE TAX ON LAND CLASSIFIED AS FARM, FOREST OR OPEN SPACE LAND AT TIME OF TRANSFER OR CHANGE IN CLASSIFICATION.

Section 1. Any land which has been classified as farm land pursuant to section 12-107c, as forest land pursuant to section 12-107d, or as open space land pursuant to section 12-107e, if sold within a period of ten years from time of initial acquisition or classification, whichever is earlier, shall be subject to a conveyance tax applicable to the total sales price of such land, which tax shall be in addition to the tax imposed in chapter 223 of the general statutes. Said conveyance tax shall be at the following rate: (1) Ten per cent of said total sales price if sold within the first year of ownership; (2) nine per cent if sold within the second year of ownership; (3) eight per cent if sold within the third year of ownership; (4) seven per cent if sold within the fourth year of ownership; (5) six per cent if sold within the fifth year of ownership; (6) five per cent if sold within the sixth year of ownership; (7) four per cent if sold within the seventh year of ownership; (8) three per cent if sold within the eighth year of ownership; (9) two per cent if sold within the ninth year of ownership; and (10) one per cent if sold within the tenth year of ownership. No conveyance tax shall be imposed by the provisions of this act following the end of the tenth year of ownership.

Sec. 2. Said conveyance tax shall be due and payable by the grantor at the time of transfer of the property by deed or other instrument

is unconstitutionally vague is directed at the first section of the act which sets forth the general conditions under which the conveyance tax is applicable. More specifically, the plaintiffs take exception to that portion of § 1 which provides for the imposition of a tax when classified land is sold within a period of ten years *"from time of initial acquisition or classification, whichever is earlier."* (Emphasis added.) They contend that the above quoted phrase fails to provide a clear declaration or direction whether the "tacking" of successive periods of ownership of classified farmland is allowable in ascertaining the tax, if any, on the present owner of such land, and is accordingly unconstitutionally vague.

Due process requires that a statute afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited. *United*

of conveyance and shall be payable to the town clerk in the town in which the property is entered upon the tax list. No deed or other instrument of conveyance which is subject to tax under this act shall be recorded by any town clerk unless the tax imposed by this act has been paid. . . .

Sec. 4. Any person aggrieved by the imposition of a tax under the provisions of this act may appeal therefrom as provided in sections 12-111, 12-112 and 12-118 of the general statutes, as amended.

Sec. 5. Any land which has been classified by the owner as farm land pursuant to section 12-107c, as forest land pursuant to section 12-107d, or as open space land pursuant to section 12-107e, if changed by said owner, within a period of ten years of acquisition by said owner, to a use other than farm, forest or open space, shall be subject to said conveyance tax as if there had been an actual conveyance, as provided in sections 1 and 2 of this act, at the time of such change in use and classification. Said conveyance tax schedule shall apply to fair market values as determined by the assessor under the provisions of section 12-63 for all other property.

Sec. 6. The tax assessor shall file annually with the town clerk a certificate for any land which has been classified as farm land pursuant to section 12-107c, as forest land pursuant to section 12-107d, or as open space land pursuant to section 12-107e, which certificate shall be recorded in the land records of such town."

*States Civil Service Commission* v. *National Assn. of Letter Carriers,* 413 U.S. 548, 578–79, 93 S. Ct. 2880, 37 L. Ed. 2d 796; *Grayned* v. *City of Rockford,* 408 U.S. 104, 92 S. Ct. 2294, 33 L. Ed. 2d 222; *Stolberg* v. *Caldwell,* 175 Conn. 586, 610, 402 A.2d 763; *Mitchell* v. *King,* 169 Conn. 140, 143, 363 A.2d 68. A statute is not void for vagueness, however, simply because it may be open to two possible constructions; *Williams* v. *Brewer,* 442 F.2d 657, 660 (8th Cir.); see *In re Davis,* 242 Cal. App. 2d 645, 652, 51 Cal. Rptr. 702; or "merely because the imagination can conjure up hypothetical situations in which the meaning of some terms may be in question. *American Communications Association* v. *Douds,* 339 U.S. 382, 70 S. Ct. 674, 94 L. Ed. 925." *Schiller Park Colonial Inn, Inc.* v. *Berz,* 63 Ill. 2d 499, 513, 349 N.E. 61.

Although the vagueness doctrine has been applied in cases not involving criminal statutes; see annot., "Supreme Court's Application of Vagueness Doctrine to Noncriminal Statutes or Ordinances," 40 L. Ed. 2d 823; see *Wiegand* v. *Heffernan,* 170 Conn. 567, 575, 368 A.2d 103; stricter standards of permissible statutory vagueness have been applied to statutes imposing criminal penalties where a greater degree of specificity is demanded than in other contexts; see *Campbell* v. *J.D. Jewell, Inc.,* 221 Ga. 543, 547, 145 S.E.2d 569; *Shobe* v. *Borders,* 539 S.W.2d 330 (Mo. App.); 1A Sutherland, Statutory Construction (4th Ed.) § 21.16; and, "[w]hen First Amendment rights are involved, [courts] look even more closely lest, under the guise of regulating conduct that is reachable by the police power, freedom of speech or of the press suffer." *Ashton* v. *Kentucky,* 384 U.S. 195, 200, 86 S. Ct. 1407, 16 L. Ed. 2d 469; *Smith* v. *Goguen,* supra.

The present statute under consideration neither imposes criminal sanctions nor attempts to regulate conduct protected by the first amendment. Moreover, no claim is made by the plaintiffs that the language of Public Acts 1972, No. 152, failed to provide them with a reasonable opportunity to know that certain specified transfers of land classified as farmland would be subject to a conveyance tax. Rather, they contend that the statute's alleged vagueness arises with regard to the language relating to the computation of the "holding period" for such land which determines the rate of tax, if any, imposed upon sellers at the time their classified farmland is transferred.

A reading of the legislation makes it clear that the statutory provision imposing a tax when classified farmland is sold "within a period of ten years from time of initial acquisition or classification, whichever is earlier," was, in terms of due process analysis, reasonably clear, certain and sufficiently definite to provide a person of ordinary intelligence with a reasonable opportunity to comprehend its meaning. As discussed above, a statute not involving an attempted regulation of first amendment rights is not necessarily void merely because a provision contained therein is susceptible to different interpretations. *Williams* v. *Brewer,* supra; *In re Davis,* supra. The tax imposed by the statute in question is levied upon the record owner at the time of transfer, and no reference is made in § 1 of the act to "continuous" classification by previous owners. Moreover, § 5 of the act, which provides that a change in the use of the property is to be treated the same as if there had been an actual conveyance, states specifically that the tax is imposed only if such a change in use occurs "within a period

of ten years of *acquisition by said owner."* (Emphasis added.) It is evident, therefore, that under § 5 of the act, the "tacking" of successive periods of ownership of classified land is not permitted in assessing the tax. Inasmuch as a legislative act must be considered in its entirety and its parts reconciled and made operative so far as possible; *United Aircraft Corporation* v. *Fusari,* 163 Conn. 401, 411, 311 A.2d 65; and since we assume that the legislature intended a reasonable and rational result to flow from its enactments; *Bahre* v. *Hogbloom,* 162 Conn. 549, 557, 295 A.2d 547; it necessarily must follow that § 1 of Public Acts 1972, No. 152, similarly does not authorize the "tacking" of ownership as the plaintiffs contend.[4]

We conclude that § 1 of the act under consideration was sufficiently clear and definite to inform persons of ordinary intelligence that "tacking" of successive periods of ownership was not authorized under its provisions, and hence was constitutionally valid.

In attacking the statute on constitutional grounds, the plaintiffs have a heavy burden. Under the United States constitution a state tax statute is entitled to a presumption of legality and only in rare or special instances is the fourteenth amendment invoked against a state to limit its taxing power. *A. Magnano Co.* v. *Hamilton,* 292 U.S. 40, 44, 54 S. Ct. 599, 78 L. Ed. 1109. It is well settled that parties challenging the constitutionality of a statutory enactment have the burden of showing its invalidity beyond a reasonable doubt. *Wilson* v. *Connecticut*

[4] In 1974, the General Assembly enacted Public Act No. 74-343 which removed any possible doubt as to whether "tacking" of successive periods of ownership was permitted in determining conveyance tax liability. See the present § 12-504a of the General Statutes.

*Product Development Corporation,* 167 Conn. 111, 114, 355 A.2d 72; *Kellems* v. *Brown,* 163 Conn. 478, 486, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678; *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 470, 217 A.2d 698. Consequently, in passing upon the validity of a legislative act, courts "do not feel justified in declaring it void unless there is a clear and unequivocal breach of the constitution . . . . We approach the question with great caution, examine it with infinite care, make every presumption and intendment in favor of validity, and sustain the act unless its invalidity is, in our judgment, beyond a reasonable doubt." *Edwards* v. *Hartford,* 145 Conn. 141, 145, 139 A.2d 599; *Lublin* v. *Brown,* 168 Conn. 212, 220, 362 A.2d 769; *Kellems* v. *Brown,* supra, 486.

We cannot find that the plaintiffs have sustained their burden of proving the unconstitutionality of Public Acts 1972, No. 152.

There is no error.

In this opinion the other judges concurred.