GARY ADDESSI *v.* CONNECTICUT LIGHT AND
POWER COMPANY ET AL.
(4664)

BORDEN, DALY and BIELUCH, Js.

Argued January 7--decision released March 3, 1987

*Nathan C. Nasser,* for the appellant (plaintiff).

*James K. Robertson, Jr.,* for appellee (named defendant).

BORDEN, J. The principal issue of this appeal is whether General Statutes § 52-557g[1] is void for vague-

---

[1] General Statutes § 52-557g provides in pertinent part: "(a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condi-

ness. The trial court held, inter alia, that it is not unconstitutionally vague, and granted the named defendant's motion for summary judgment. We find no error.

The plaintiff sued the named defendant, The Connecticut Light and Power Company (CL&P), for injuries he incurred when he dove off a dock owned and controlled by the defendant, Wayne Bennett, into Candlewood Lake, which is owned by CL&P. The plaintiff's suit against CL&P was based on negligence and nuisance. The trial court granted CL&P's motion for summary judgment on the ground that General Statutes § 52-557g barred the plaintiff's claims. The plaintiff appealed, claiming several errors in the trial court's ruling. All but one of these claims are controlled by our recent decision in *Genco* v. *Connecticut Light & Power Co.,* 7 Conn. App. 164, 508 A.2d 58 (1986).

The only claim of the plaintiff which survives *Genco* is that General Statutes § 52-557g is unconstitutionally void for vagueness. The trial court rejected this claim, as do we.

One who attacks a statute as unconstitutional bears the heavy burden of establishing that unconstitutionality beyond a reasonable doubt. *Fishman* v. *Middlesex Mutual Assurance Co.,* 4 Conn. App. 339, 353, 494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57 (1985). The vagueness rubric, which derives from the constitutional guarantee of due process, is largely based

---

tion, use, structure or activity on the land to persons entering for recreational purposes.

"(b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner."

on the requirements of fair notice and nondiscretionary standards. *Seals* v. *Hickey,* 186 Conn. 337, 342, 441 A.2d 604 (1982). " 'Due process requires that a statute afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited.' " Id., 343, quoting *McKinney* v. *Coventry,* 176 Conn. 613, 618, 410 A.2d 453 (1979). Although the void for vagueness doctrine applies both to civil and criminal statutes, "civil statutes are required to demonstrate a lesser degree of specificity than are criminal statutes." *Seals* v. *Hickey,* supra, 343. A statute passes constitutional muster if it states its standard with adequate clarity and marks its boundaries sufficiently to permit the law to be fairly administered; lack of precision alone is not enough to offend due process. Id., 344; see also *Jack* v. *Scanlon,* 4 Conn. App. 451, 456–57, 495 A.2d 1084, cert. dismissed, 197 Conn. 808, 499 A.2d 59 (1985). We conclude that the plaintiff has not met his heavy burden.

The plaintiff builds his argument on the fact that General Statutes § 52-557g does not require the landowner who is shielded from liability by the statute to post on his recreational land a warning of that shield. Thus, he claims, the potential user of the land cannot make an informed choice of whether to assume or forego the risks involved in using the land. It is this deficiency which he claims renders the statute void for vagueness. We disagree.

The plaintiff's vagueness challenge simply misses the mark. He does not focus at all on the language of the statute, a focus which is central to the constitutional void for vagueness analysis. See, e.g., *Gunther* v. *Dubno,* 195 Conn. 284, 297–99, 487 A.2d 1080 (1985); *State* v. *Eason,* 192 Conn. 37, 45–48, 470 A.2d 688 (1984). Indeed, he fails to claim that a person of ordinary intelligence reading the statute would not have an opportunity to know what is permitted or prohibited.

General Statutes § 52-577g does not purport to prohibit or regulate conduct, but to relieve under appropriate circumstances an owner of recreational land from liability to others who use its land for recreational purposes. Significantly, the plaintiff offers us no authority in which the void for vagueness doctrine has been employed, not to challenge the clarity of the language of a statute granting immunity from liability to a particular class of landowners, but to challenge the ability of the user of the land to know of that immunity prior to his use of the land. The plaintiff's argument would require that the landowner post notice of its civil immunity at sufficiently close intervals around the perimeter of the land so as to give potential recreational users of the land warning of that immunity. While the legislature could undoubtedly condition a grant of civil immunity on such a requirement, we see nothing in the void for vagueness doctrine which requires it to do so.

Indeed, the plaintiff's argument would imperil the constitutionality of several similar statutes which confer civil immunity without also requiring the immunized party to give prior warning of his immunity to potential claimants. See, e.g., General Statutes § 52-557b ("good samaritan law"); General Statutes § 52-557j (immunity of landowner from liability to operators of snowmobiles and certain other vehicles); General Statutes § 52-557k (immunity of landowner from liability to one who harvests firewood from land). We do not understand the void for vagueness doctrine to require such results.

There is no error.

In this opinion the other judges concurred.