[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
APPEARANCES:
 REPRESENTING THE PLAINTIFF: TOBIN, LEVINE GLYNN By Sung-Ho Hwang, Esq. 770 Orange St. New Haven, Ct. 06511
 REPRESENTING THE DEFENDANT: WIGGIN DANA By Penny Q. Seaman, Esq. One Century Tower New Haven, Ct. 06508
 ROBERT L. GECI Superior Court 235 Church Street New Haven, Connecticut
BEFORE:
THE COURT: The Court is going to orally announce its decision pursuant to section 334A.
Findings of facts and conclusions of law. The Court finds the following facts:
1. That the plaintiff, George Hwang, is a seventeen year old student at Amity Regional High School. CT Page 8529
2. On two separate occasions in April 1994, Hwang ignited an M80 in the high school while school was in session.
3. The plaintiff admitted his responsibility for these incidents in June of 1994, and was expelled by the Board of Education for one marking period, from June 2, 1994 through November 4, 1994.
4. In September 1993, plaintiff received a copy of the Student Handbook which is published by the Board of Education and distributed to all high school students.
5. The Handbook provides that a student may be expelled if he "knowingly possesses, transmits, or uses any firearm, knife, explosive, or other dangerous object of no reasonable use to the student at school."
6. Plaintiff concedes that the conduct which led to his expulsion is conduct which endangers persons and property and is seriously disruptive of the educational process.
7. Plaintiff also concedes that his conduct violates Board policy as set forth in the Student Handbook.
8. A student of ordinary intelligence would know that igniting explosives in a school while school is in session would endanger persons and property and be seriously disruptive of the educational process.
9. Similarly, a student of ordinary intelligence would know that igniting explosives in school while school is in session is conduct which is proscribed by the Student Handbook and which subjects the student to expulsion.
Conclusions of law:
1. Conduct, "which endangers persons or property or is seriously disruptive of the educational process" is sufficiently definite to "lay down an intelligible principle to which the administrative body" must conform. CT Page 8530
2. Conduct which is, "violative of a publicized policy of such board" appears to offer no sufficiently definitive standard and to be an invalid delegation of legislative purpose.
3. The vice to be guarded against is arbitrary action by school officials.
4. Recognizing that the Supreme Court in Mitchellversus King, 169 Conn. 140 did not look at Mitchell's specific action, a gang assault on school property, to validate the vague standard of former section 10-234
"conduct inimical to the best interest of the school." This Court will not examine plaintiff's specific action in relation to whether or not it violates "a publicized policy of the board."
5. However, the Court will look at plaintiff's, on two separate occasions igniting an M80 in school while school is in session, and compare it to that portion of section 10-233d(a) which allows expulsion of a pupil "whose conduct endangers persons or property so as to seriously disrupt the educational process."
6. Because the Court finds that the plaintiff's conduct was violative of the clear mandate of the "endanger and disruption" section of section 10-233d(a) the action of the defendant in expelling the plaintiff is sustained.
7. In view of the Court's holding it is unnecessary for the Court to rule on the constitutionality of the "publicized policy" section of the statute, although the Court would note that when this section is read in the disjunctive it appears very difficult to distinguish a challenge to it from the Supreme Court's holding in Mitchell versus King.
That concludes the Court's opinion. CT Page 8531