ROBERT H. HALL ET AL. *v.* KASPER
ASSOCIATES, INC.
(AC 23617)

Dranginis, Flynn and Bishop, Js.

809

Argued November 21, 2003—officially released March 9, 2004

*Roger Lee Crossland,* with whom, on the brief, was *Daniel Shepro,* for the appellant (defendant).

*Jeffrey B. Sienkiewicz,* for the appellees (plaintiffs).

*Opinion*

FLYNN, J. The defendant, Kasper Associates, doing business as Kasper-Ryan Associates (Kasper), appeals from the judgment of the trial court declaring a certain mortgage invalid and discharging it pursuant to General Statutes § 49-13 and further awarding damages of $5000 and attorney's fees in the amount of $2500 together with costs, pursuant to General Statutes § 49-8. We affirm the judgment of the trial court.

The court found the following facts. A mortgage was given by Aaron L. Bernstein and Doris D. Bernstein more than twenty years ago on November 7, 1983, in the face amount of $7000 to the defendant. The mortgage was recorded on November 17, 1983, in volume 317, pages 784-88 of the Newtown land records. Credible evidence was offered to establish satisfaction of the mortgage by Sylvia Bernstein, and no credible evidence was offered to rebut her testimony. On the basis of the testimony of Doris D. Bernstein and Joseph Kasper, Jr., the court further found that it was reasonable to infer that the mortgage was satisfied.

The complaint alleged and the defendant's answer admitted that the mortgage was due either within two years from its making or upon the transfer of title by the Bernsteins, whichever occurred earlier. The court further found that there was credible testimony from Joseph Kasper, formerly of the defendant, that neither the original mortgage note nor the deed could be found. The plaintiff M & E Land Group (M & E),[1] the owner of the mortgaged property at the initiation of this litigation, and its immediate predecessors in title held an undisturbed possession of the property for more than six years. The court further found that a release of mortgage had been demanded but that the defendant had failed to deliver a release, despite the demand.

The defendant first contests the standing of the plaintiffs, attorney Robert H. Hall and M & E, to bring an action under General Statutes §§ 49-13 and 49-8. As to Hall, the defendant claims that he never purchased or possessed the land to meet the undisturbed six year possession requirement of § 49-13, nor had he made any payment to qualify him for damages as an "aggrieved person" under § 49-8. In the case of M & E, the defendant claims that it had no standing to bring the action initially

---

[1] The plaintiffs are Robert H. Hall and M & E Land Group.

and no standing to continue the action because M & E did not own the property for at least six years and sold the property before the start of the trial. The defendant further argues that the plaintiffs cannot tack prior possession by other predecessors in title to reach the six year requirement imposed by § 49-13 to bring a mortgage discharge action. The defendant also claims that the court improperly admitted into evidence an affidavit by the Bernsteins' attorney, who had represented them at the time of the conveyance to M & E. We will address each claim in turn.

We first set forth the standard of review and legal principles that guide our analysis in determining the plaintiffs' standing. "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In order for a party to have standing to invoke the jurisdiction of the court, that party must be aggrieved. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit [in other words, statutorily aggrieved] or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision." (Citation omitted; internal quotation

marks omitted.) *Edgewood Village, Inc.* v. *Housing Authority*, 265 Conn. 280, 288, 828 A.2d 52 (2003).

We first address Hall's standing. It is not disputed that Hall represented clients Roland Roehrich and Jeanne R. Koon (Roehrich-Koon), who purchased the Bernsteins' land. When Roehrich-Koon conveyed the land to M & E, the unreleased mortgage to Kasper was discovered, and Hall was required to sign an indemnity agreement with the Connecticut Attorney's Title Insurance Company (title insurer) that insured over that encumbrance to facilitate the sale to M & E. General Statutes § 49-13 (a) provides that "the person owning the property, or the equity in the property, may bring a petition to the superior court" seeking a judgment that the mortgage is invalid. The defendant urges that this statute must be interpreted literally and that, because Hall was neither the owner of the property nor the owner of the equity in it, he lacked standing to bring this action. The indemnity agreement in evidence clearly set out Hall's agreement to indemnify the title insurer from any loss to induce it to certify over the unreleased Kasper mortgage. Practice Book § 9-23 provides in pertinent part that "[a]n action may be brought in all cases in the name of the real party in interest . . . ." We agree with the plaintiff that pursuant to this rule, Hall, as an indemnitor, was authorized to proceed in his own name as a real party in interest and was classically aggrieved. See *Wilkinson* v. *Boats Unlimited, Inc.*, 236 Conn. 78, 88, 670 A.2d 1296 (1996). The defendant's refusal to release this mortgage triggered Hall's contractual obligation to bring a legal action for its discharge. As an indemnitor to the title insurer by virtue of his agreement to hold the title insurer harmless from any financial loss, he had a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, and that interest was specially and injuriously affected by the defendant's refusal to release the mortgage.

The prayer for relief annexed to the complaint sought relief not just under the provisions of § 49-13, but also under the provisions of § 49-8. The latter statute provides in pertinent part that when a demand for release has been delivered to a mortgagee and no release has been delivered, the mortgagee "shall be liable for damages to any person aggrieved . . . ." General Statutes § 49-8 (c). As a "person aggrieved" under the plain words of the statute, Hall was both statutorily and classically aggrieved.

We conclude that Hall was classically aggrieved under provisions of § 49-13 and was both statutorily and classically aggrieved under § 49-8. Hall demonstrated a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, in that he agreed to indemnify the title insurer from loss arising from the unreleased mortgage. Therefore, Hall successfully established that the specific personal and legal interest was specially and injuriously affected. See *Edgewood Village, Inc.* v. *Housing Authority*, supra, 265 Conn. 288.

Furthermore, Practice Book § 11-3 provides that the exclusive remedy for misjoinder of a party is a motion to strike. The defendant never moved to strike Hall as an improper party but instead filed an answer and special defense, thereby waiving any claim that Hall was not a proper party to the proceeding.[2] See *Thibault* v. *Frechette*, 135 Conn. 170, 172, 62 A.2d 863 (1948).

We next turn to the defendant's claim that M & E lacked standing because it had sold lots and ceased to be an owner of the property or the equity in the property as required by § 49-13. This argument is without merit. M & E was still a party in interest because of the war-

[2] By virtue of a similar failure by the defendant to file a motion to strike against M & E, we conclude that the claim of misjoinder also is waived as to M & E.

ranties in its deeds to lot purchasers that required it to "protect the land granted from all lawful claims and demands [made] at the time of the grant . . . ." *King v. Kilbride*, 58 Conn. 109, 116, 19 A. 519 (1889). In the event that the mortgage was not declared invalid by the action brought under § 49-13, M & E would have been required to defend any foreclosure of the Kasper mortgage that was brought against its grantees who had received warranty deeds from M & E.

Finally, the defendant argues that M & E lacked "undisturbed possession" of the real property for at least six years as required by § 49-13. Essentially, the defendant argues that § 49-13 does not permit a party bringing the action to "tack" a prior owner's possession to the party's period of possession to accrue the required six years of possession necessary to invalidate a mortgage under the statute.

Our analysis necessarily involves statutory interpretation, and, therefore, our review is plenary. *Durso v. Vessichio*, 79 Conn. App. 112, 116, 828 A.2d 1280 (2003). "In interpreting statutes, we are guided by well established tenets of statutory construction. [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . Furthermore, [w]e presume that laws are enacted in view of existing relevant statutes . . . and that [s]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law." (Internal quotation marks omitted.) *Hunnihan v. Mattatuck Mfg. Co.*, 243 Conn. 438, 444, 705 A.2d 1012 (1997).

The defendant cites *McKinney* v. *Coventry*, 176 Conn. 613, 410 A.2d 453 (1979), which was decided under a special taxation statute applicable to farmland, for the proposition that tacking is not permitted. *McKinney* involved a statute that provided for the imposition of a conveyance tax when land classified as farmland was sold within ten years from the time of its initial acquisition or classification, whichever event occurred earlier. Id., 618. The *McKinney* plaintiffs claimed that the statute was unconstitutionally vague in that it failed to provide a clear direction as to whether tacking was available to exceed the ten year holding period and thereby avoid imposition of the tax. Id., 616. In construing the statute to determine whether it was unconstitutionally vague, the court placed great reliance on language that treated a change in use as a conveyance for imposition of the tax. Id., 621. Our Supreme Court concluded that the legislature did not intend to permit tacking if the mere change of use by an owner who had not conveyed the land would trigger the imposition of the tax. We have no similar language in § 49-13 indicating a legislative intent that tacking is not permissible in calculating a statutory period of six years. The plaintiffs properly point out that § 49-13 (a) (1) (A) expressly authorizes the court to declare a mortgage invalid when "*the mortgagor or those owning the mortgagor's interest therein* have been in undisturbed possession of the property for at least six years . . . ." (Emphasis added.) That statute does not require the petitioner to be in personal possession for six years before the action can be brought. Furthermore, subsection (c) of the statute expressly provides that "if no evidence is offered of any payment on account of the debt" within the six year period provided in subsection (a) "the court may render a judgment . . . declaring the mortgage . . . invalid as a lien against the real estate. . . ." General Statutes § 49-13 (c). It is the six years of undisturbed

possession that is crucial to obtaining relief under § 49-13 (c), not six years of possession by one owner.

The defendant's interpretation of the statute would literally deprive a widow who inherited real estate from her husband of statutory relief until she had owned the land for six years in her own name. In *Lesser* v. *Lesser*, 134 Conn. 418, 58 A.2d 512 (1948), our Supreme Court rejected such a view. It concluded that the mortgage in question was invalid under the predecessor statute to § 49-13 even though a widow had held the property for only two years following her husband's death. Id. It held that "leaving the plaintiff in the possession of property which she might never be able to sell to advantage because of the unenforceable but undischarged mortgage of record does not make sense." Id., 427–28. We conclude that tacking may be used to fulfill the six year time requirement of § 49-13.

The defendant also claims that the court should not have admitted into evidence an affidavit by Mark Oppenheimer, an attorney who represented the Bernsteins in the sale of their land to Hall's clients, Roehrich-Koon. In the affidavit, Oppenheimer attested that he had paid the balance of the note secured by the Kasper mortgage as part of his responsibilities as a closing attorney representing the Bernsteins. We note that the court placed no reliance on the Oppenheimer affidavit in its findings. In fact, on the basis of the testimony of Bernstein and Kasper, which the court credited, it concluded that it was reasonable to infer that the mortgage was satisfied. We employ an abuse of discretion standard of review in challenges to evidentiary rulings and will not disturb those rulings on appeal when that discretion has not been abused, nor will we reverse a judgment on the basis of an evidentiary ruling unless that ruling was harmful. *Lusas* v. *St. Patrick's Roman Catholic Church Corp.*, 125 Conn. 206, 209, 4 A.2d 333 (1939). There is no indication that the court placed any

reliance on this evidence, and, thus, there is no showing of harm to the defendant. We therefore reject this claim.

We need not address the defendant's claim that there was insufficient evidence for the court's finding that the mortgage loan had been paid. The court found that M & E, and its immediate predecessors in title, held undisturbed possession of the property for more than six years after the expiration of the time limited in the mortgage for full performance of the conditions thereof and prior to commencement of this action. The court also credited Kasper's testimony that there was no original mortgage note or deed in his possession or in the possession of either corporate entity. No evidence of the mortgage could be found, and no action was taken in furtherance of the mortgage until this case arose. On the basis of these findings, the court ordered the mortgage discharged pursuant to § 49-13. Therefore, this finding supports the discharge of the mortgage, and we need not address the sufficiency claim as to the payment of the mortgage loan, which is an alternate statutory ground for discharge.

The judgment is affirmed.

In this opinion the other judges concurred.