In the instant matter the defendant moves for summary judgment on the ground that there is no genuine issue as to any material fact related to the second special defense filed by the defendant. He claims that, as a matter of law, the special defense is a bar to the plaintiff's cause of action in the light of the fact that the plaintiff's reply thereto admits certain subparagraphs of the defense.
In this matter both the plaintiff and the defendant were active members of the Wolcott volunteer fire department. The plaintiff brings suit against the defendant in connection with an accident, between two automobiles being operated by the respective parties, which occurred while both were engaged within the scope of their employment as volunteer firemen.
The defendant's special defense setting forth the admitted subparagraphs relates to General Statutes § 7-308, which deals with "Assumption of liability for damages caused by firemen." The plaintiff's reply admits a subparagraph of the defendant's second special defense in which it is alleged that "by reason of his alleged injuries, the plaintiff has a right of benefits and compensation under chapter 568 of the General Statutes and, in fact, has received such benefits in the amount of $702.90." Section7-308 states in part: "If a fireman or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 [Workmen's Compensation Act] by reason of injury or death caused by the negligence or wrong of a fellow employee *Page 422 
while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious."
The whole thrust of the plaintiff's argument against the motion for summary judgment is that the sentence in § 7-308 immediately preceding the above-quoted sentence states: "This section shall not apply to damages to person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such damages or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such damages." It appears that both of these quoted portions were added to this section by Public Acts 1961, No. 355. This court cannot accept the contention of the plaintiff as to the effect of the last-quoted sentence from § 7-308. The two must be read together under accepted principles of statutory construction. The purport of these sentences when read together appears clear and unambiguous. The case of Going v. Cromwell FireDistrict, 159 Conn. 53, points out that volunteer firemen are required to be compensated in accordance with the provisions of chapter 568 of the General Statutes. In the instant case it is admitted that the plaintiff has in fact received certain workmen's compensation payments resulting from injuries arising out of the accident in issue. Admittedly, there is no claim that the wrong involved in the accident, namely, the negligence of the defendant operator, was wilful or malicious. Therefore the clear and unambiguous language of the section requires the holding that an injured fireman, having a right to *Page 423 
benefits or compensation under chapter 568 by reason of injury caused by the negligence or wrong of a fellow employee, while both employees are engaged in the scope of their employment for a municipality, has no cause of action against his fellow employee to recover damages for the injury if it was not caused by a wilful or malicious wrong.
 For the reasons stated, the defendant's motion for summary judgment is granted.