JOAN E. KEOGH, ADMINISTRATRIX (ESTATE OF
WILLIAM V. KEOGH) *v.* CITY OF BRIDGEPORT
ET AL.

SPEZIALE, C. J., HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued February 10—decision released May 4, 1982

Bruce L. Levin, with whom, on the brief, were David M. McHugh and Joseph Biafore, Jr., for the appellant (plaintiff).

Louis Stein, assistant city attorney, with whom, on the brief, was John J. McNamara, city attorney, for the appellees (defendants).

ARMENTANO, J.  This appeal questions whether the estate of a fireman may maintain an action against the deceased's fellow employees for wrongful death caused by the negligent operation of a motor vehicle, when both the deceased and the individual defendants were acting within the scope of their employment as firemen for the city of Bridgeport.

For purposes of this appeal, the facts are undisputed.  On April 19, 1973, the plaintiff's decedent and the individual defendants were employed as firemen for the defendant city of Bridgeport and were working at the site of a grass fire located in the city.  At the command of the defendant Lieutenant William L. Bailey, the defendant Vincent M. Verrillo, a fireman, backed up a fire truck, owned by the city, negligently causing the truck to run over and instantly kill the deceased, William V. Keogh, also a fireman.  The plaintiff administratrix brought a wrongful death action against the two employees individually and the city pursuant to General Statutes § 52-555 and an indemnity action

pursuant to General Statutes § 7-308 against the city of Bridgeport.[1] The plaintiff has not alleged that the defendants acted wilfully or maliciously.

On July 18, 1980, the trial court granted the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, holding that the sole remedy against the defendant city is benefits provided by the Workers' Compensation Act; General Statutes §§ 31-275 through 31-355; and that because the deceased had a right to workers' compensation benefits, General Statutes § 7-308 bars his successor's claim against his fellow employees. In her appeal from the dismissal of the complaint, the plaintiff claims alternatively (1) that General Statutes § 7-308 does not apply to an action brought by the estate of a deceased fireman or the statute is unconstitutionally vague; (2) that this court should overrule our analogous holding in *Edmundson* v. *Rivera,* 169 Conn. 630, 363 A.2d 1031 (1975), followed in *McKinley* v. *Musshorn,* 185 Conn. 616, 622–24, 441 A.2d 600 (1981), by construing the relevant statutes to permit the action; (3) that our construction renders General Statutes § 7-308 in violation of equal protection under the fourteenth amendment to the United States constitution and article first, § 20, of the constitution of Connecticut;[2] or (4) that the city has waived its right to assert defenses.

I

The plaintiff first claims that General Statutes § 7-308 either does not apply to a wrongful death action brought by the administratrix of the estate

[1] The revised complaint is in these two counts and was filed February 15, 1979. The original complaint was filed on April 24, 1975.

[2] Claims of constitutional error were not raised in *Edmundson* v. *Rivera,* 169 Conn. 630, 635–36, 363 A.2d 1031 (1975).

of a deceased fireman, or that the statute is unconstitutionally vague. General Statutes § 7-308 provides indemnity by municipalities for "all sums which [a] fireman becomes obligated to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman, at the time of the . . . injury . . . complained of, was performing fire duties and if such . . . injury . . . was not the result of any wilful or wanton act of such fireman in the discharge of such duties. . . . Governmental immunity shall not be a defense in any action brought under this section." In the part most pertinent to this appeal the statute states: "This section shall not apply to damages to person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such damages or, in the case of his death, his dependent has a right to . . . [workers' compensation] . . . by reason of such damages. If a fireman or, in the case of his death, his dependent has a right to . . . [workers' compensation] . . . by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious."[3]

---

[3] General Statutes § 7-308 provides: "The word 'municipality,' as used in this section, shall have the meaning ascribed to it by section 7-314 and the words 'fire duties' mean those duties the performance of which is defined in said section. Each municipality of this state, notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any charter, shall pay on behalf of any paid or volunteer fireman of such municipality all sums which such fireman becomes obligated

The plaintiff contends that because wrongful death actions are not brought by the dependents

to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman, at the time of the occurrence, accident, injury or damages complained of, was performing fire duties and if such occurrence, accident, injury or damage was not the result of any wilful or wanton act of such fireman in the discharge of such duties. This section shall not apply to damages to person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such damages or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such damages. If a fireman or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. The municipality may arrange for and maintain appropriate insurance or may elect to act as a self-insurer to maintain such protection. No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against the municipality or fireman unless at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk or corresponding officer of such municipality. No action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefor has arisen nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of such municipality and with the fireman within six months after such cause of action has accrued. No action for trespass shall lie against any fireman crossing or working upon lands of another to extinguish fire or for investigation thereof. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the fireman may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such fireman. No mention of any kind shall be made of such statement by any counsel during the trial of such action."

of a deceased, the statutory immunity granted fellow employees from personal liability does not apply. We agree that a wrongful death action survives death and is maintainable by the administratrix or executrix of the deceased's estate, and not by his dependents. See General Statutes §§ 52-555,[4] 52-599;[5] *Grody* v. *Tulin,* 170 Conn. 443, 447, 365 A.2d 1076 (1976); *McCoy* v. *Raucci,* 156 Conn. 115, 118, 239 A.2d 689 (1968); *Foran* v. *Carangelo,* 153 Conn. 356, 362, 216 A.2d 638 (1966). An administratrix stands in the shoes of the

[4] General Statutes § 52-555 provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of."

[5] General Statutes § 52-599 provides: "No cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person. No civil action or proceeding shall abate by reason of the death of any party thereto, but it may be continued by or against the executor or administrator of such decedent. In case of the death of any party plaintiff, his executor or administrator may enter within six months thereafter and prosecute the suit in the same manner as his testator or intestate might have done if he had lived; and, in case of the death of any party defendant, the plaintiff, within one year thereafter, may apply to the court in which such suit is pending for an order to substitute such decedent's executor or administrator in the place of such decedent, and, upon due service and return of such order, the action may proceed. The provisions of this section shall not apply to any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto; nor to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants; nor to any civil action upon a penal statute."

deceased and can recover for wrongful death only if the deceased could have recovered for his injuries had they not proved fatal. *Nolan* v. *Morelli*, 154 Conn. 432, 435, 226 A.2d 383 (1967); *Foran* v. *Carangelo,* supra, 360; *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668, 136 A.2d 918 (1957). Any recovery for wrongful death is distributed as part of the personal estate of the deceased. General Statutes § 45-280 (b); *Floyd* v. *Fruit Industries, Inc.,* supra, 670–71.

This court assumes that the legislature intended to enact a consistent body of law. See, e.g., *McKinney* v. *Coventry,* 176 Conn. 613, 621, 410 A.2d 453 (1979). Because a fireman's action for personal injuries survives his death resulting therefrom, the reference in § 7-308 to an action by a fireman includes an action by that fireman's administratrix under General Statutes §§ 52-555 and 52-599. Cf. *Stavola* v. *Palmer,* 136 Conn. 670, 676–77, 73 A.2d 831 (1950); *Reinhardt* v. *New Haven,* 23 Conn. Sup. 321, 324–25, 182 A.2d 925 (1961). Accordingly, § 7-308 applies to the present case.

The plaintiff contends that the inaccurate reference to the cause of action of the deceased's "dependent" renders the statute vague in violation of the due process clause of the fourteenth amendment[6] to the United States constitution and article first, § 8, of the constitution of Connecticut. The due process provisions of the state and federal con-

[6] The vagueness doctrine applies to the enactments of state legislatures under the due process clause of the fourteenth amendment to the United States constitution. See, e.g., *Edgar A. Levy Leasing Co.* v. *Siegel,* 258 U.S. 242, 250, 42 S. Ct. 289, 66 L. Ed. 595 (1922); *Seals* v. *Hickey,* 186 Conn. 337, 343, 441 A.2d 604 (1982).

stitutions generally have the same meaning and impose similar constitutional limitations. *McKinney* v. *Coventry,* supra, 616.

Civil statutes must be definite in their meaning and application, but may survive a vagueness challenge by a lesser degree of specificity than in criminal statutes. See, e.g., *A. B. Small Co.* v. *American Sugar Refining Co.,* 267 U.S. 233, 239, 45 S. Ct. 295, 69 L. Ed. 589 (1925); *Seals* v. *Hickey,* 186 Conn. 337, 343, 441 A.2d 604 (1982); *State* v. *Anonymous,* 179 Conn. 155, 163, 425 A.2d 939 (1979); *McKinney* v. *Coventry,* supra, 619. "Due process requires that a statute afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited." *Seals* v. *Hickey,* supra, 343, quoting *McKinney* v. *Coventry,* supra, 618–19. An imprecise statute may be sufficiently definite if it provides reasonably distinct boundaries for its fair administration. *State* v. *Anonymous,* supra, 164.

"It is well settled that parties challenging the constitutionality of a statutory enactment have the burden of showing its invalidity beyond a reasonable doubt." *McKinney* v. *Coventry,* supra, 621; see *United Illuminating Co.* v. *New Haven,* 179 Conn. 627, 641, 427 A.2d 830, appeal dismissed, 449 U.S. 801, 101 S. Ct. 45, 66 L. Ed. 2d 5 (1980). A statute is not void for vagueness unless it clearly and unequivocally is unconstitutional, making every presumption in favor of its validity. *McKinney* v. *Coventry,* supra, 622; see *United Illuminating Co.* v. *New Haven,* supra, 641–42. Applying the test for vagueness to the facts at issue in the present case; *diLeo* v. *Greenfield,* 541 F.2d 949, 953 (2d Cir. 1976); *State* v. *Smith,* 183 Conn. 121, 438 A.2d 1165 (1981); *State* v. *Pickering,* 180

Conn. 54, 57, 428 A.2d 322 (1980); we are not persuaded that the plaintiff has met its burden of proving its unconstitutionality.

The inaccurate reference in § 7-308 to the cause of action in a deceased fireman's "dependent" apparently follows the earlier accurate reference to the right of a dependent to workers' compensation benefits or compensation. See General Statutes § 31-306. Although this court is loath to consider any statutory language as surplus, with respect to a wrongful death action, which a "dependent" does not bring under present law, the inaccurate language has no effect. According to our construction of the statutes, however, the cause of action in the deceased fireman survives his death in an action by the administratrix or executrix of his estate. See General Statutes §§ 52-555 and 52-599. Because the statute is capable of a reasonable interpretation, it is not vague, despite its imprecision.

## II

The plaintiff next claims that when injuries are caused by the negligent operation of a motor vehicle, General Statutes § 31-293a supersedes the immunity of a fellow employee provided by General Statutes § 7-308. "An employee who has a right to benefits under the Workers' Compensation Act, is barred from pursuing an action against his employer for damages for personal injuries. Whether the right to workers' compensation also bars an action against a fellow employee for damages for personal injuries is a question of law. *Velardi* v. *Ryder Truck Rental, Inc.*, 178 Conn. 371, 375, 423 A.2d 77 (1979). General Statutes § 31-293a provides in part that if an employee has a right

to workers' compensation benefits 'on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle . . . or unless such wrong was wilful or malicious.' " (Footnotes omitted.) *McKinley* v. *Musshorn,* 185 Conn. 616, 619–20, 441 A.2d 600 (1981). Clearly if the deceased and the defendant firemen were fellow employees of an employer other than the city, the deceased's right to workers' compensation benefits would not bar an action against his fellow employees because the plaintiff has alleged negligence in the operation of a motor vehicle. Although the provisions of the Workers' Compensation Act apply to municipal employment; General Statutes § 31-275 (5); the application of § 31-293a, which applies to employees generally, cannot be given the effect of superseding the specific immunity granted by General Statutes § 7-308.

This court considered a directly analogous conflict in *Edmundson* v. *Rivera,* 169 Conn. 630, 363 A.2d 1031 (1975), wherein we "found an irreconcilable conflict between General Statutes § 31-293a and § 7-465 (a) which provides that a municipal employee has no cause of action against a fellow employee for personal injury if the victim had a right to workers' compensation benefits." (Footnote omitted.) *McKinley* v. *Musshorn,* supra, 622–23; see *Edmundson* v. *Rivera,* supra, 634. The immunizing language in § 7-465 (a) and § 7-308 is

virtually identical.[7] In *McKinley* v. *Musshorn,*
supra, this court also found an irreconcilable conflict
between General Statutes § 4-165 which grants spe-
cific immunity to a state employee from personal lia-
bility for injury caused "in the performance of his
duties and within the scope of his employment" and
General Statutes § 31-293a. In both cases this court
held that the statute that applied specifically to
municipal or state employees prevailed over the
statute which applied generally to employees.
*McKinley* v. *Musshorn,* supra, 623; *Edmundson* v.
*Rivera,* supra, 634–35. This court reasoned in both
cases that if the legislature had intended § 31-293a
to repeal the previously enacted specific statute,[8]

[7] General Statutes § 7-465 (a) provides in pertinent part: "Any
town, city or borough, notwithstanding any inconsistent provision of
law, general, special or local, shall pay on behalf of any employee
of such municipality, except firemen covered under the provisions of
section 7-308, all sums which such employee becomes obligated to
pay by reason of the liability imposed upon such employee by law
for damages awarded for infringement of any person's civil rights
or for physical damages to person or property, except as hereinafter
set forth, if the employee, at the time of the occurrence, accident,
physical injury or damages complained of, was acting in the per-
formance of his duties and within the scope of his employment, and
if such occurrence, accident, physical injury or damage was not the
result of any wilful or wanton act of such employee in the discharge
of such duty. This section shall not apply to physical injury to a
person caused by an employee to a fellow employee while both
employees are engaged in the scope of their employment for such
municipality if the employee suffering such injury or, in the case
of his death, his dependent has a right to benefits or compensation
under chapter 568 by reason of such injury. If an employee or,
in the case of his death, his dependent has a right to benefits or
compensation under chapter 568 by reason of injury or death caused
by the negligence or wrong of a fellow employee while both employ-
ees are engaged in the scope of their employment for such municipal-
ity, such employee or, in the case of his death, his dependent shall
have no cause of action against such fellow employee to recover dam-
ages for such injury or death unless such wrong was wilful and
malicious. . . ."

[8] The exception provision in General Statutes § 31-293a was enacted
in Public Acts 1969, No. 69-696, § 4.

then it could have accomplished that result express-
ly. *McKinley* v. *Musshorn,* supra; *Edmundson*
v. *Rivera,* supra, 634–35.

The plaintiff insists that the present case is either
distinguishable from those cases, or presents an
opportunity to overrule our prior holdings. In the
plaintiff's view, General Statutes § 7-308 is recon-
cilable with § 31-293a, by construing the purview
sentence in § 7-308, rendering the section inappli-
cable to actions against fellow employees when the
injured employee has a right to workers' compen-
sation, to also render inapplicable the following
sentence limiting actions against fellow employees.
We do not read § 7-308 in the same strangulated
fashion.

Because the provisions of both sentences are trig-
gered by the right of a fireman or his dependent to
workers' compensation benefits, both should be read
together. *Marquis* v. *Birkenberger,* 29 Conn. Sup.
420, 422, 290 A.2d 236 (1972). In enacting these
provisions by amendment to General Statutes
§ 7-308 in Public Acts 1961, No. 61-355, the legis-
lature intended to avoid double liability of munici-
palities, which would otherwise be liable for both
workers' compensation and damages for injuries
caused by a negligent fireman, by preventing an
injured fireman from bringing an action against
his fellow employee. See 9 S. Proc., Pt. 5, 1961
Sess., pp. 1733-34 (remarks of Senator Charles T.
Alfano); 9 H. R. Proc., Pt. 5, 1961 Sess., p. 2526
(remarks of Representative Gerard S. Spiegel).
To accept the construction proffered by the plain-
tiff would thwart the purpose of these provisions
of General Statutes § 7-308.

The plaintiff further asserts that this court's
statutory construction in *Beccia* v. *Waterbury,* 185

Conn. 445, 441 A.2d 131 (1981), conflicts with our reasoning in *Edmundson* v. *Rivera* and in *McKinley* v. *Musshorn* and hence we should overrule the latter cases. In considering a conflict between a general statute and an earlier city charter and civil service rule, this court reasoned in *Beccia* v. *Waterbury* that later enactments are presumed to repeal earlier inconsistent ones to the extent of the conflict, regardless of the specific or general character of the later enactment. *Beccia* v. *Waterbury,* supra, 458. Mindful of another presumption, that the legislature intends to enact a consistent body of law, but also mindful that governmental immunity should not be diminished except by express statutory terms or necessary implications; *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607, 376 A.2d 71 (1977); this court has declined to expand the scope of governmental liability by implicit repeal of earlier specific statutes. *McKinley* v. *Musshorn,* supra, 623; *Edmundson* v. *Rivera,* supra, 634–35. Therefore, the presumption stated in *Beccia* v. *Waterbury* is rebutted when its application would unnecessarily expand governmental liability.

The plaintiff's other claims of error in statutory construction were considered and rejected in *Edmundson* v. *Rivera* and in *McKinley* v. *Musshorn,* and we are not persuaded that the reasoning in those cases should not apply to the present case.

### III

The plaintiff further attacks the constitutionality of General Statutes § 7-308 as it operates to exclude the plaintiff's cause of action.[9] Specifically

[9] The plaintiff also claims that General Statutes § 7-308, as construed in *Edmundson* v. *Rivera,* 169 Conn. 630, 363 A.2d 1031 (1975), and § 4-165 as construed in *McKinley* v. *Musshorn,* 185

the plaintiff claims that because municipal firemen
may not bring an action for a fellow employee's neg-
ligent operation of a motor vehicle under our con-
struction of General Statutes § 7-308 and § 31-293a,
the class of municipal firemen are denied equal pro-
tection under the law as guaranteed by the four-
teenth amendment to the United States constitution
and article first, § 20 of the constitution of Con-
necticut.

Most laws classify and many affect groups
unevenly. E.g., *Personnel Administrator of Massa-
chusetts* v. *Feeney,* 442 U.S. 256, 271–72, 99 S. Ct.
2282, 60 L. Ed. 2d 870 (1979); *Parham* v. *Hughes,*
441 U.S. 347, 351, 99 S. Ct. 1742, 60 L. Ed. 2d 269
(1979); *Eielson* v. *Parker,* 179 Conn. 552, 565, 427
A.2d 814 (1980). The equal protection provisions
of the federal and state constitutions have the same
meaning and limitations. E.g., *Eielson* v. *Parker,*
supra, 562–63; *Caldor's, Inc.* v. *Bedding Barn, Inc.,*
177 Conn. 304, 314, 417 A.2d 304 (1979). When a
statutory classification impinges upon an inherently
suspect class or affects a fundamental personal
right, the statute is subject to strict scrutiny and
is justified only by a compelling state interest. E.g.,
*Eielson* v. *Parker,* supra, 563; *Frazier* v. *Manson,*
176 Conn. 638, 645, 410 A.2d 475 (1979). Otherwise,
a statute will stand if the classification bears a rea-
sonable relation to a legitimate state interest. E.g.,
*G. D. Searle & Co.* v. *Cohn,* 455 U.S. 404, 408, 102
S. Ct. 1137, 71 L. Ed. 2d 250 (1982); *United Illu-
minating Co.* v. *New Haven,* 179 Conn. 627, 636, 427
A.2d 830, appeal dismissed, 449 U.S. 801, 101 S. Ct.

Conn. 616, 441 A.2d 600 (1981), contravene equal protection of the
laws. Because the constitutionality of these two statutes is not
before us in the present case, we decline to address the plaintiff's
claims.

45, 66 L. Ed. 2d 5 (1980); *Eielson* v. *Parker,* supra, 563; *Frazier* v. *Manson,* supra, 645. This two-tiered analysis, however, is insufficiently precise to resolve all cases. "Legislation that involves rights that may be significant, though not fundamental, or classifications that are sensitive, though not suspect, may demand some form of intermediate review." *Eielson* v. *Parker,* supra, 564; see, e.g., *Personnel Administrator of Massachusetts* v. *Feeney,* supra, 273 (gender-based discrimination in public employment); *Craig* v. *Boren,* 429 U.S. 190, 197, 97 S. Ct. 451, 50 L. Ed. 2d 397 (1976)(gender-based drinking age), reh. denied, 429 U.S. 1124, 97 S. Ct. 1161, 51 L. Ed. 2d 574 (1977).

The plaintiff seeks review of the classification created by General Statutes § 7-308 under an intermediate compelling state interest test because the plaintiff asserts that the right to bring a wrongful death action against a fellow fireman for negligent operation of a motor vehicle is a "significant" right. The plaintiff concedes that "[i]t cannot seriously be argued that the statutory entitlement to sue for the wrongful death of another is itself a 'fundamental' or constitutional right." *Parham* v. *Hughes,* supra, 358 n.12.

The United States Supreme Court has invoked the rational relation test when analyzing the constitutionality of state workers' compensation statutes and other legislation affecting an employer's liability for the negligence of its employees. See, e.g., *Phillips Petroleum Co.* v. *Jenkins,* 297 U.S. 629, 636-37, 56 S. Ct. 611, 80 L. Ed. 943 (1936); *Middleton* v. *Texas Power & Light Co.,* 249 U.S. 152, 156, 39 S. Ct. 227, 63 L. Ed. 527 (1919); *New York Central R. Co.* v. *White,* 243 U.S. 188, 200, 202, 37

S. Ct. 247, 61 L. Ed. 667 (1917); *Martin* v. *Pittsburg & Lake Erie R. Co.,* 203 U.S. 284, 296, 27 S. Ct. 100, 51 L. Ed. 184 (1906). So have statutes limiting the right of a class to a cause of action for personal injury where the classification is voluntarily entered into, rather than immutable, been subject to the rational relation test. Compare *Parham* v. *Hughes,* supra, 353, 357 (statute preventing father of illegitimate child from action for child's wrongful death not violative of equal protection) with *Weber* v. *Aetna Casualty & Surety Co.,* 406 U.S. 164, 175–76, 92 S. Ct. 1400, 31 L. Ed. 2d 768 (1972) (statute preventing unacknowledged illegitimate child from receiving parent's workers' compensation violates equal protection). The relation of employer and employee is voluntary. *Middleton* v. *Texas Power & Light Co.,* supra, 162. Therefore, we will consider whether General Statutes § 7-308 bears a rational relation to a legitimate governmental objective.

As discussed earlier in this opinion, the legislature intended General Statutes § 7-308 to prevent double liability of municipalities for the negligence of municipal firemen. Under an established common-law principle, the government cannot be sued without its consent. E.g., *McKinley* v. *Musshorn,* supra, 621; *Sentner* v. *Board of Trustees of Regional Community Colleges,* 184 Conn. 339, 342, 439 A.2d 1033 (1981). Governmental immunity is a legitimate governmental objective. Because under § 7-308 a municipality indemnifies the liability of its negligent employees, a reasonable means of limiting governmental liability is to preclude actions against fellow firemen when the injured fireman

also has a right to workers' compensation benefits.[10] Accordingly, the statute does not violate equal protection.[11]

## IV

Finally, the plaintiff claims that the defendant city has waived its right to assert defenses against the indemnity count brought pursuant to General Statutes § 7-308 because the city counsel represented both the city and the defendant firemen without filing a statement that the city will pay any verdict rendered against it. In considering an indemnity action against a municipality under General Statutes § 7-465, this court has observed that because the interests of the employee and the municipality are potentially antagonistic, they should be represented by different counsel. *Fraser* v. *Henninger,* 173 Conn. 52, 57, 376 A.2d 406 (1977); *Martyn* v. *Donlin,* 148 Conn. 27, 32, 166 A.2d 856 (1961). Nevertheless, if the same counsel represents both, that attorney should file a statement that the municipality will pay any verdict. General Statutes §§ 7-308, 7-465; *Fraser* v. *Henninger,* supra, 58. Because the defendant city has not raised any defenses in addition to those successfully raised by the defendant firemen in the wrongful death count, it is immaterial whether the city has

[10] The plaintiff contends that this court's dictum in *Olivieri* v. *Bridgeport,* 126 Conn. 265, 278, 10 A.2d 770 (1940), that there is no substantial reason for excluding public employees from the scope of workers' compensation, should control in the present context. We find this contention unpersuasive.

[11] Having upheld the constitutionality of General Statutes § 7-308, we note that the equity of this statutory exclusion is a matter of legislative and not judicial control. See *Brunswick Corporation* v. *Liquor Control Commission,* 184 Conn. 75, 83, 440 A.2d 792 (1981); *Eielson* v. *Parker,* 179 Conn. 552, 565–67, 427 A.2d 814 (1980).

waived its defenses under these circumstances. Therefore, it is not necessary for this court to address the plaintiff's final claim of error.

There is no error.

In this opinion the other judges concurred.