[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Alfredo Santiago, Jr. (Santiago), has filed a complaint against the defendant, Francis T. Sciortino (Sciortino) for money damages arising from personal injuries sustained when both the plaintiff and the defendant were employed by the city of Waterbury as members of the city's fire department. Santiago CT Page 5114-JJJJ alleges that Sciortino, while operating a city owned fire truck, negligently and carelessly ran over his legs.
The defendant has now filed a motion for summary judgment, based on General Statutes § 7-308. In support of the motion he filed a copy of the police report pertaining to the accident (Ex. A), and a copy of the plaintiff's interrogatory response where the plaintiff states he received workers' compensation benefits for his injuries. (Ex. B).
The plaintiff's responses to the defendant's request for admissions were also filed by the defendant. In these responses, the plaintiff admitted that on the date the plaintiff sustained his injuries, both he and the defendant were employees of the city of Waterbury, and that when Santiago was injured, both he and Sciortino were members of the Waterbury fire department and both engaged in the scope of their employment.
Summary judgment is a method of resolving litigation when "pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660, 664,646 A.2d 143 (1994). The purpose of summary judgment is to eliminate the delay and expense of litigating an issue when there is no genuine issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 [1989). "The moving party bears the burden of establishing the nonexistence of any material fact . . . and the trial court must view the evidence before it in the light most favorable to the nonmoving party." (Internal citations omitted.)Honan v. Greene, 37 Conn. App. 137, 140, 655 A.2d 274 (1995). If the movant would be entitled to a directed verdict on the facts, then the movant should be granted a summary judgment. Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "A directed verdict is justified if on the evidence the jury could not reasonably and legally have reached any other conclusion."Krondes v. O'Boy, 37 Conn. App. 430, 433, 656 A.2d 692 (1995).
General Statutes § 7-308 states in pertinent part that "[i]f a fireman . . . has a right to [workers' compensation] by reason of injury . . . caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman . . . shall have no cause of action against such fellow employee to recover damages for such injury . . . unless such wrong was wilful and CT Page 5114-KKKK malicious." The statutory language of § 7-308 evinces the unambiguous intention of the legislature to "avoid double liability of municipalities, which would otherwise be liable for both workers' compensation and damages for injuries caused by a negligent fireman, by preventing an injured fireman from bringing an action against his fellow employee." Keogh v. Bridgeport,187 Conn. 53, 64, 444 A.2d 225 (1982). It is clear § 7-308
mandates that "an injured fireman, having a right to [workers' compensation] by reason of injury caused by the negligence or wrong of a fellow employee, while both employees are engaged in the scope of their employment for a municipality, has no cause of action against his fellow employee to recover damages for the injury if it was not caused by a wilful or malicious wrong."Marquis v. Birkenberger, 29 Conn. Sup. 420, 422-23, 290 A.2d 236
(1972).
In his response to the defendant's request for admissions, the plaintiff admits that when he was injured, both he and the defendant were employees of the city of Waterbury and engaged in the scope of their employment as members of the Waterbury fire department. Such written admissions can provide the appropriate documentary support for a summary judgment motion. Orenstein v.Old Buckingham Corp., 205 Conn. 572, 574, 534 A.2d 1172 (1987). In his interrogatory response, the plaintiff also admits he was eligible for and received workers' compensation benefits for his injury. Further, the plaintiff makes no claim that the defendant's conduct was in any way wilful or malicious. Therefore, under General Statutes § 7-308, the plaintiff cannot as a matter of law prevail in this action against the defendant.
Accordingly, the defendant's motion for summary judgment is granted.
/s/ McDonald, J. --------------------- McDONALD