[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before this court is the defendant Richard Brown's Motion for Summary Judgment. In it, the defendant argues that pursuant to General Statutes § 7-308, firefighters who injure fellow firefighters while both individuals are discharging their official duties are immune from suit, provided that the injured firefighter has a right to workers' compensation benefits and the injuries were not wilfully or maliciously caused. Defendant Brown argues that at the time of the accident which gave rise to this action, both he and the plaintiff, Vincent Manzo, Jr., were acting within the scope of their duties as volunteer firefighters for Plainville. Moreover, defendant Brown states that the plaintiff has received workers' compensation benefits as a result of the accident, and that there is no allegation in the plaintiff's complaint that defendant Brown acted either wilfully or maliciously. Thus, pursuant to the express language of General CT Page 9844 Statutes § 7-308, defendant Brown claims he is immune from liability in this action, and that the motion for summary judgment must be granted.
The plaintiff argues, in opposition to the motion for summary judgment, that defendant Brown's argument with respect to General Statutes § 7-308 is misguided. The plaintiff states that the statute is inapplicable because his claim against defendant Brown is based upon common law negligence, not General Statutes § 7-308. The plaintiff contends that General Statutes § 7-308 is a municipal indemnification statute and, since he has not sought to secure Plainville's indemnification of defendant Brown, the statute does not bar his common law claim against defendant Brown. Specifically, the plaintiff argues that, although Plainville has paid the plaintiff workers' compensation benefits, the plaintiff has not brought suit against Plainville pursuant to General Statutes §7-308. As such, the plaintiff maintains that Plainville will not be obligated to pay both workers' compensation benefits and damages pursuant to General Statutes § 7-308 and that there is no risk that the plaintiff will achieve a double recovery against the town.
ISSUE TO BE DECIDED
The issue for this court to decide is whether or not General Statutes § 7-308 bars the purportedly common law negligence action brought against a co-employee of the plaintiff firefighter. For reasons more fully set forth below, this court holds that General Statutes § 7-308 is a bar to the plaintiff's claims against defendant Brown.
PERTINENT FACTUAL BACKGROUND
The plaintiff's complaint alleges the following facts. On December 24, 1996, the plaintiff was a passenger in a firetruck driven by the defendant Brown. Just shortly before 3 p. m. on that day, as the firetruck entered the intersection of Broad and Whiting Streets in the Town of Plainville ("Plainville"), the firetruck collided with an automobile operated by the other defendant in this action, Krystian Zemstra. As a result of the collision, the plaintiff alleges that he suffered various serious injuries.
On October 27, 1997, the plaintiff filed a two count complaint sounding in negligence against the defendants Zemstra CT Page 9845 and Brown. On November 14, 1997, Plainville moved to intervene as co-plaintiff in the action pursuant to General Statutes § 31-293. On December 1, 1997, that motion was granted by the court.[1]
On January 7, 1999, defendant Brown filed this motion for summary judgment with respect to the second count of the plaintiff's complaint.
LEGAL DISCUSSION
 SUMMARY JUDGEMENT
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp. , 233 Conn. 732, 755-52,660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578-79,573 A.2d 699 (1990); United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party. . . . The test to be applied would be whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Gabriellev. Hospital of St. Raphael, 33 Conn. App. 378, 382-83,635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . ." Ciarelli v. Romeo, 46 Conn. App. 277, 282,699 A.2d 217, cert. denied, 243 Conn. 929, 701 A.2d 651 (1997); see also Mullen v. Horton, 46 Conn. App. 759, 763,700 A.2d 1377 (1997) (directed verdict rendered only where, on the evidence viewed in light most favorable to nonmovant, trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed) CT Page 9846
GENERAL STATUTES § 7-308
General Statutes § 7-308 provides in relevant part:
 (b) Each municipality of this state . . . shall pay on behalf of any paid or volunteer fireman . . . of such municipality all sums which such fireman . . . becomes obligated to pay by reason of liability imposed upon such fireman . . . by law for damages to person or property, if the fireman . . . at the time of the occurrence, accident, injury or damages complained of, was performing fire or volunteer . . . duties and if such occurrence, accident injury or damage was not the result of any willful or wanton act of such fireman . . . in the discharge of such duties. This section shall not apply to damages to person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such damages . . . has a right to benefits or compensation under chapter 568 by reason of such damages.[2] If a fireman has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman . . . shall have no cause of action against such fellow employee to recover damages for such injury or death unless the such wrong was wilful and malicious.
General Statutes § 7-308 "is an indemnification statute that, generally, requires a municipality to pay on behalf of any paid or volunteer fireman all sums that the fireman becomes obligated to pay as damages by reason of his liability incurred while performing fire duties." (Internal quotation marks omitted.)
Rowe v. Godou, 209 Conn. 273, 276, 550 A.2d 1073 (1988). By enacting General Statutes § 7-308, "the legislature intended to avoid double liability of municipalities, which would otherwise be liable for both workers' compensation and damages for injuries caused by a negligent fireman, by preventing an injured fireman from bringing an action against his fellow employee." Keogh v.Bridgeport, 187 Conn. 53, 64, 444 A.2d 225 (1982)
In its objection to the motion for summary judgment, the plaintiff relies heavily upon the Connecticut Supreme Court's decision in Rowe v. Godou, supra, 209 Conn. 273. The CT Page 9847 plaintiff's reliance on that decision, however, is misplaced.
First, the plaintiff in Rowe, unlike the plaintiff here, was not a municipal firefighter. Therefore, the legislature's prohibition of actions commenced between fellow firefighters pursuant to subsection (b) of General Statutes § 7-308 was entirely inapplicable. See Rowe v. Godou, supra, 209 Conn. 274. Additionally in Rowe, because the plaintiff was not a municipal firefighter, he obviously was not eligible for workers' compensation benefits, a necessary condition precedent to the applicability of the firefighter fellow employee immunity rule in General Statutes § 7-308 (b). Id.; see also Keogh v.Bridgeport, supra, 187 Conn. 68-69 (governmental liability limited to instances where injured firefighter has "a right to worker's compensation benefits.")[3] Furthermore, in Rowe, it was the notice provisions of General Statutes § 7-308 that were significant to the viability of the plaintiff's cause of action. The court did not address the issue raised by the plaintiff in this case: whether the plaintiff's claim arose under General Statutes § 7-308 or under common law. See Rowe v. Godou,12 Conn. App. 538, 540, 532 A.2d 978, rev'd, 209 Conn. 273,550 A.2d 1073 (1988).[4] It is clear that the Rowe decision simply has no application to the court's analysis here.
The express language of General Statutes § 7-308 (b) states that under the appropriate circumstances, a plaintiff "shall haveno cause of action against [a] fellow employee," for damages unless the wrong was wilful or malicious. (Emphasis added) Clearly, the plain language of the statute demonstrates the legislature's intent to bar all causes of action brought between fellow firefighters (provided, of course, that the other requirements of the statute are met). There is nothing in General Statutes § 7-308 to indicate that a claim must arise under §7-308 in order for the prohibition to apply. In fact, Connecticut case law firmly supports statutory interpretation which does not require the filing of a claim under § 7-308 of the General Statutes. See Keogh v. Bridgeport, supra, 187 Conn. 64
(firefighter's administratrix's wrongful death claim against fellow firefighter barred by General Statutes § 7-308); Marauisv. Birkenberaer, 29 Conn. Sup. 420, 422-23, 290 A.2d 236 (1972) (defendant's motion for summary judgment granted as General Statutes § 7-308 barred plaintiff's claim) ; Santiago v.Sciortino, Superior Court, judicial district of Waterbury, Docket No. 125667 (July 31, 1996, McDonald, J.) (summary judgment granted because firefighter's claim for negligence against fellow CT Page 9848 firefighter barred by General Statutes § 7-308).
There is no dispute that the plaintiff and defendant Brown at the time of the accident were volunteer firefighters for Plainville. (Def.'s Mem., Exhibit A; Pl.'s Admissions dated August 17, 1998.) There is also no dispute that at the time of the accident the plaintiff and defendant Brown were both engaged in the scope of their employment for the town. (Def.'s Mem., Exhibit A; Pl.'s Admissions dated August 17, 1998.) Further, the plaintiff has admitted that he has received workers' compensation benefits as a result of the accident. (Def.'s Mem., Exhibit A; Pl.'s Admissions dated August 17, 1998.) Finally, the plaintiff makes no claim that defendant Brown's conduct was either wilful or malicious.
CONCLUSION
Pursuant to the plain language of General Statutes § 7-308
(b), the defendant is entitled to summary judgment. "[T]he clear and unambiguous language of [General Statutes § 7-308] requires the holding that an injured fireman, having a right to benefits or compensation under chapter 568 by reason of injury caused by the negligence or wrong of a fellow employee, while both employees are engaged in the scope of their employment for a municipality, has no cause of action against his fellow employee to recover damages for the injury if it was not caused by a wilful or malicious wrong." Marauis v. Birkenberger, supra,29 Conn. Sup. 422-23. Accordingly, the defendant's motion for summary judgment is granted.
ROBINSON, JUDGE, SUPERIOR COURT.