[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs allege the following facts in their complaint. Steven Tata, Ruth Kellog and Christine McCormick ["plaintiffs"] are heirs of the estate of Alexander Stevenson ["decedent"]. They have sued Barbara Reignier ["defendant"], also an heir of the decedent, for unjust enrichment. The plaintiffs allege that a joint bank account was created for the decedent and the defendant so that the defendant could pay the decedent's expenses. All the money deposited into this joint account was the decedent's. CT Page 10023
The plaintiffs further allege that thereafter the defendant created a series of new accounts in which she had the right of survivorship. Therefore, when the decedent passed away, all of his money was in accounts in which the defendant had a right of survivorship. The plaintiffs allege that this shifting of funds violated an agreement between the defendant and the decedent. Thus, the plaintiffs allege that it would constitute unjust enrichment if the defendant is allowed to keep these funds in lieu of the lawful heirs.
A motion to strike may be used to challenge the legal sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985); Practice Book Section 152. All well pleaded allegations are admitted as true, and the allegations are construed favorably to the plaintiff. Id.
The defendant moves to strike the complaint on the ground that the plaintiffs have "failed to allege any past or present legal interest in the property described in their complaint or any facts upon which they may assert a claim upon behalf of any person having a past or present interest in said property." The defendant also argues in her memorandum that the "claim that [defendant's] use of those account [sic] violated an agreement with Alexander Stevenson concerning the same would be the claim of Alexander Stevenson."
The defendant is essentially arguing that the plaintiffs do not have standing to bring their action. The issue of standing "goes to the court's subject matter jurisdiction." Stroiney v. Crescent Lake Tax District, 205 Conn. 290, 294 (1987). Objections to a court's subject matter jurisdiction are more properly raised by a motion to dismiss. Reitzer v. Board of Trustees of State College, 2 Conn. App. 196, 201 (1984); Practice Book Section 143. Our Supreme Court, however, has allowed subject matter jurisdiction to be challenged by a motion to strike. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545-546 (1980).
"The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before the court and not on the issues he wishes to have adjudicated." Connecticut Association of Boards of Education v. Shedd, 197 Conn. 554, 558 (1985) (citations omitted). The plaintiff need only make "a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity." Maloney v. Pic, 183 Conn. 313,321 (1981). The determination of standing "merely requires the plaintiff to make allegations of a colorable claim of injury to an interest which is arguably protected or regulated." State v. Rado, 14 Conn. App. 322, 325, cert. denied 488 U.S. 927 (1988) CT Page 10024 (citations omitted).
The plaintiffs have alleged that they are the heirs of Alexander Stevenson and would have inherited certain monies had the defendant not misappropriated such monies to her own benefit. The plaintiffs have alleged a colorable claim of injury but the question remains whether a protected interest is at stake. Therefore the issue is whether or not an heir can sue another potential heir or any individual for unjust enrichment before an administrator of the decedent's estate has been appointed. Neither party has cited any case, and none has been found, where this precise issue has been decided in Connecticut.
"As a rule, heirs or distributees of the estate of an intestate may maintain actions to enforce or protect their interests in the estate where there is no administration and no necessity for an administration, as where there are no debts against the estate, or where the plaintiff is the intestate's sole heir, or in the case of fraud, collusion or refusal to sue on the part of the administrator." 26A CJS Section 85(a) Descent and Distribution (1956).
If there is an administrator, however, "since the title to personal property of an intestate ordinarily vests in his administrator . . . he is the proper person to sue to recover such property or for damages for injury thereto . . . and such action cannot be maintained by heirs or distributees." Id., Section 85(c). Therefore, "as a rule, only the administrator, not an heir, can maintain an action against a coheir to recover personal property belonging to the estate, or for damages or for conversion thereof." Id., Section 83(a).
Wilhelm has stated that "it is obvious that the proper suit, upon a cause of action arising in favor of or against the decedent during his lifetime, is in the name of the fiduciary rather than the heirs." Wilhelm, Connecticut Estate Practice: Settlement of Estates, Section 271 (1974). Therefore, "actions designed to recover personalty belonging to the estate or for its use, conversion or injury, are brought by the fiduciary rather than the beneficiaries." Id. (citations omitted.)
Under these general rules, the plaintiffs do not have standing as heirs to maintain their action. The proper party to maintain the action would be the administrator of the decedent's estate. The plaintiffs can contest her appointment as administrator for the same reasons as presented in their complaint. Or if the defendant is appointed administrator, the plaintiffs would arguably be within the exception noted above regarding "fraud, collusion or refusal to sue on the part of the administrator" and could then bring this direct action. At this CT Page 10025 time, the plaintiffs have not demonstrated standing and the motion to strike the complaint is granted.
FRANK S. MEADOW, J.