[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the denial of an application for an amendment to the zoning regulations to create an affordable housing development zone and to rezone the plaintiff's property to allow construction of an affordable housing development. While the appeal was returnable to the Superior Court at Danbury, it states that the applications were filed pursuant to Public Act 89-311, the Connecticut Affordable Housing Appeals Act, now section 8-30g of the General Statutes. After filing the appeal in the Superior Court at Danbury, the plaintiff has now filed a motion to transfer it to the Judicial District of Hartford/New Britain at Hartford based on the requirement in section 8-30g(d) of the General Statutes which provides that affordable housing appeals shall be made returnable to the Superior Court for the Judicial District of Hartford/New Britain. The motion to CT Page 9381 transfer was claimed for the short calendar without any request for argument by counsel.
Since both parties are from Newtown, the proper venue for this appeal is the Superior Court for the Danbury Judicial District, section 51-344(2) of the General Statutes, unless it has to be brought to the Judicial District of Hartford/New Britain as an affordable housing appeal. Even if the appeal were brought to the wrong location, an action is no longer dismissed because of improper venue based on returning it to an improper location. Section 51-351 of the General Statutes. The Superior Court has jurisdiction over this appeal whether or not an appeal from denial of an application for a zone change or a change in zoning regulations qualifies as an affordable housing appeal under section 8-30g. Creative Development for Colchester, Inc. v. Colchester Zoning Planning Commission, 5 CTLR 95, 96 (1991). Whether the appeal should be transferred to the Superior Court at Hartford depends upon whether or not it qualifies as an affordable housing appeal under section 8-30g
of the General Statutes. If not, the proper venue for this appeal is the Superior Court at Danbury.
The appeal alleges that the plaintiff submitted a proposal to amend the Newtown Zoning Regulations together with an application to rezone the plaintiff's property and that when the first submission was denied, a modified proposal was resubmitted to the defendant Commission. This appeal is from denial of the resubmitted proposal to change the zoning regulations and rezone the property. The appeal does not indicate that the plaintiff has ever submitted any specific land use project for affordable housing to the defendant Commission.
When a zoning commission changes the zone of property, it acts in a legislative capacity. Burnham v. Planning 
Zoning Commission, 189 Conn. 261, 265; Calandro v. Zoning Commission, 176 Conn. 439, 440. It also acts in a legislative capacity when it amends the zoning regulations. Karp v. Zoning Board, 156 Conn. 287, 290.
Section 8-30g(b) gives the right to take an affordable housing appeal to "[a]ny person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units . . . contained in the affordable housing development. . . ." "Affordable housing development" is defined as "a proposed housing development" which is within one of two specified categories of low or CT Page 9382 moderate income or assisted housing. Section 8-30g(a)(1) of the General Statutes. An "affordable housing application" is defined as "any application made to a commission in connection with an affordable housing development by a person who proposes to develop such affordable housing." Section8-30g(a)(2) of the General Statutes.
A request made to a zoning commission to pass a new set of zoning regulations is not an affordable housing application, which is a prerequisite for an appeal under section 8-30g(b). A proposal to rezone property to place it in a zone which does not exist also cannot be considered an affordable housing application. Neither a change in zoning regulations nor a zone change amounts to a proposal to build anything, including an affordable housing development. Moreover, even if both applications had been granted by the Commission, that would not assure that the applicant would develop the property for affordable housing, housing in general, or for any specific use. Once property is zoned, the owner can use it for any uses which are permitted for that zone under the zoning regulations, and in a proper case, obtain such other uses as are allowed in the zone by special permit. The zoning commission cannot control which of the uses the property owner will select for development of the property. These well established legal concepts were obviously known to the legislature when it passed the affordable housing statute. The definitions used and the statutory provisions do not indicate legislative intent to apply the affordable housing provisions to anything other than proposals for specific housing projects. While zoning commissions are subject to the statute, it must be kept in mind that zoning commissions also act in an administrative capacity when reviewing site plan applications, Norwich v. Norwalk Wilbert Vault Co., 208 Conn. 1, 12, and special permits A. P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 186; Sheridan v. Planning Board,159 Conn. 1, 16.
Legislative intent to restrict the coverage of the statute to specific projects for affordable housing is also apparent from section 8-30g(c)(4) which requires the court to consider reasonable changes "to the affordable housing development." In addition, a material consideration both for the land use agency and the court on appeal, is whether restrictions imposed by the agency "have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units." A proposal for a zone change or change in zoning regulations does not allow these determinations to be made. They require an actual proposal to develop specific CT Page 9383 housing. Since the act by its expressed terms defines "affordable housing application" as an application for "an affordable housing development by a person who proposes to develop such affordable housing," the statute is intended to cover only those applications which involve actual proposals to build the specified housing.
Where a zoning commission does not satisfy its burden of proof under section 8-30g(c), the function of the court is to revise, modify, remand or reverse the agency's decision. This is difficult enough where the court is asked to, in effect, perform administrative functions. See Bogue v. Zoning Board of Appeals, 165 Conn. 749, 754; Watson v. Howard, 138 Conn. 464, 469. Where a municipality has several different zoning classifications, the court cannot order property to be placed in one of them, as that could be an improper encroachment on the legislative functions of the zoning commission as an administrative agency. Thorne v. Zoning Commission, 178 Conn. 198, 206. While some inroads into that concept can be implied from section 8-30g, the statute clearly does not direct the courts to perform legislative functions such as zone changes or amending the zoning regulations.
Extending the statute to areas beyond its expressed terms would also have a major impact upon the broad legislative authority of zoning commissions to enact and amend zoning regulations as they perceive the public interest requires, a well established policy reflected in the zoning statutes of this state. While the legislature can amend the land use statutes as it chooses, it is not the function of the courts to legislate or expand restrictions on the zoning power.
While exclusion of zone change applications and proposals to change zoning regulations from the definition of affordable housing applications may to some extent restrict submission of applications for affordable housing developments for some properties in a municipality, Kraft v. Madison Planning Zoning Commission, 4 CtLR 661, 662 (1991), it cannot be presumed that no limitations were intended.
The right to appeal to the courts from administrative agencies exists only under statutory authority, and the right to appeal is allowed only by strict compliance with the statutory provisions by which it is created. Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322; East Side Civic Assn. v. Planning Zoning Commission161 Conn. 558, 560; Sheridan v. Planning Board, supra, 10. CT Page 9384 Since appeals under section 8-30g(b) are limited to appeals from decisions on affordable housing applications which requires a proposed housing development project, the statute does not apply to this appeal to amend the zoning regulations and change the zone of the plaintiff's property. The fact that the appeal claims to be under Public Act 89-311 does not allow the appeal or create jurisdiction where none exists.
Section 8-30g(e) states that nothing in the affordable housing land use appeal statute precludes any right of appeal under sections 8-8 and 8-9 of the General Statutes. Even though there may be some affordable housing implications to a proposal, it is not always entitled to the special treatment which is allowed only in the limited situations under section8-30g.
The appeal was properly taken initially to the Superior Court at Danbury where it can be processed as a conventional zoning appeal.
The motion to transfer is denied.
Robert A. Fuller, Judge.