[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I.
Introduction and Factual Background
The plaintiff, Frank Frumento, has filed this appeal from a decision of the defendant Planning and Zoning Commission of the Town of North Branford (hereinafter, "the Commission") amending its zoning regulations by adding Article IV Design and Use Regulations, 42A, a new subsection authorizing affordable dwelling units by special use and by creating special standards 42A.8.1-19. The application was submitted by the Commission on September 17, 1991, a public hearing was commenced on November 21, 1991, and was continued to December 5, 1991. The application was approved on December 5, 1991, and on December 16, 1991, Mr. Frumento filed this appeal. He has alleged that the matter falls under General Statutes CT Page 6627-Q8-30g, the Affordable Housing Land Use Appeals Act (hereinafter, "the Act") as the proposed amendment regulates affordable housing developments in which at least 20% of the residential dwelling units will be offered for at least 20 years at a price which will make them affordable to persons of moderate income as defined by the Act.
The plaintiff first alleges that the Commission's approval of the application is illegal because it failed to give notice to the Regional Planning Authority as required under General Statutes Second, he alleges that the approval is illegal, arbitrary and in violation of the Act because the Commission did not have sufficient evidence on the record to support its decision to approve the amendment. Third, the plaintiff alleges that the Commission's approval of the application is illegal, arbitrary and in abuse of its discretion because:
 a) the regulations are not designed to promote the development of affordable housing in the town;
b) the regulation as adopted illegally discriminates between CT Page 6627-R developments of affordable housing projects and other similar residential developments in town;
 c) the regulation as adopted do [sic] not promote the public welfare by providing opportunities for the development of affordable housing in violation of 8-2 of the Connecticut General Statutes;
 d) the regulations as adopted violate Connecticut General Statutes P.A. 90-239; (sic)
 e) the record does not support the decision of the commission; and
 f) the regulations as adopted serve to exclude affordable housing developments from the town of North Branford.
On March 25, 1992, the Commission moved to dismiss the appeal arguing that the underlying action, the adoption of the zoning amendment, is not an action subject to appeal pursuant to General Statutes 8-30g. Additionally, the defendant argues that CT Page 6627-S this court does not have jurisdiction because the town of North Branford lies in the Judicial District of New Haven and the plaintiff's appeal should have been filed in the New Haven Judicial District, not Hartford-New Britain.
II.
Discussion
a.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682, 687 (1985). "Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings in question belong." Bank of Babylon v. Quick, 192 Conn. 447, 449
(1984). "`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power.'" CT Page 6627-T (citations omitted). Castro v. Viera, 207 Conn. 420, 427 (1988).
This court agrees with the Commission that the action is not one subject to the provisions of the Act. General Statutes 830g(a) includes the following definitions:
 (1) "Affordable housing development" means a proposed housing development (A) which is assisted housing or (B) in which not less than twenty per cent of the dwelling units will be conveyed by deeds containing covenants or restrictions which shall require that such dwelling units be sold or rented at, or below, prices which will preserve the units as affordable housing, as defined in section 8-39a, for persons and families whose income is less than or equal to eighty per cent of the area median income, for at least twenty years after the initial occupation of the proposed development; and
 (2) "affordable housing application" means any application made to a commission in connection with an affordable housing development by a person who proposes to develop such affordable housing. CT Page 6627-U
General Statutes 8-30(g)(b) provides that "[a]ny person whose affordable housing application is denied or is approved with restrictions which have a substantial adverse impact on the viability of the affordable housing development or the degree of affordability of the affordable dwelling units . . . may appeal such decision pursuant to the procedures of this section."
In the instant case, the plaintiff appeals from an amendment to the zoning regulations made on behalf of the town by Richard D. Schultz, the North Branford Planning and Zoning Administrator. This is not an application made to the Commission in connection with an affordable housing development by a person who proposes to develop such affordable housing. The right to appeal to the courts from administrative agencies exists only under statutory authority and the right to appeal is allowed only by strict compliance with the statutory provisions by which it is created. Basilicato v. Department of Public Utility Control, 197 Conn. 320,322 (1985). CT Page 6627-V
b.
The inquiry into the court's jurisdiction does not end here. The plaintiff argues that the motion to dismiss is inappropriate because whether or not the provisions of Section 8-30g apply, this court has jurisdiction to hear this matter because it is zoning appeal. This court agrees. In TCR New Canaan v. Planning and Zoning Commission of the Town of Trumbull, 6 Conn. L. Rptr. No. 4, 91 (March 5, 1992), this court addressed a similar argument and held:
 The Act states at Section (b) "[e]xcept as otherwise provided in this section, appeals involving an affordable housing application shall proceed in conformance with the provisions of Section 8-8. . . ." "It makes certain changes including venue, burden of proof and standard of review, but it does not delete these appeals from the zoning family. Whether the provisions of P.A. 89-311 apply to this appeal is a different question from whether this court has jurisdiction to hear this case. In a similar situation, in Creative Development for Colchester, Inc. v. Colchester Zoning and Planning Commission, 6 Conn. L. CT Page 6627-W Rptr. 95, 96 (1991), Judge M. Hennessey stated that: "the affordable housing statute . . . , does not affect the court's authority to hear appeals brought thereunder, but merely modifies certain procedures and standards of review." The court therein added "thus, even if a case is found not to be governed by the affordable housing statute, the court would nevertheless have jurisdiction over the subject matter. . . ."
. . .
 The Commission's motion to dismiss confuses subject matter jurisdiction with the applicability of the provisions of the Act.
TCR New Canaan, supra, 95. See also Misky v. Planning and Zoning Commission of the Town of South Windsor, 7 CSCR 1317
(October 15, 1992); Lantos v. Town of Newtown Planning and Zoning Commission, 6 CSCR 1130 (November 21, 1991, Fuller, J.)
The motion to dismiss is therefore denied. This court retains jurisdiction over the instant action even though the action does not fall within the Act's coverage. Review will proceed under the normal standard of review for appeals from decisions of local zoning agencies as set forth in General Statutes 8-8 and 8-9. CT Page 6627-X
Berger, J.