[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This action arises from the alleged fraudulent conversion of the decedent's assets by the defendant. On January 6, 1994, the plaintiffs, Lynn George, as executrix of the Estate of Dyna Brooks Palmer, and Lynn George, in her individual capacity, filed a two count complaint against the defendant, Jack Warren. On December 9, 1994, Warren appeared and filed a motion to strike the second count brought by George in her individual capacity.
The complaint alleges that George and Warren are siblings. Their mother died on January 8, 1990. The complaint alleges that prior to the decedent's death, on two occasions Warren wilfully and intentionally misappropriated the decedent's funds, each time without the decedent's knowledge or authority. Specifically, the complaint alleges that in April 1984, the decedent entrusted $300,000.00 to Warren to purchase a townhouse in New York City. Warren, however, allegedly failed to purchase the townhouse. Instead of purchasing the townhouse, Warren allegedly used the money for his own personal benefit. The second incident allegedly occurred in October 1985, when Warren allegedly set up a trust fund that included all of the decedent's assets, and named himself the sole trustee. The trust allegedly continued by its own terms until the death of the decedent. The complaint alleges that from 1985 until the decedent's death, Warren wrongfully used the decedent's assets that he placed in the trust fund.
The first count, brought by George as the executrix of her mother's estate, claims that Warren's alleged wrongful conduct caused the value of the estate to be substantially reduced and caused the estate to incur additional taxes, costs and expenses. The second count, brought by George in her individual capacity, further alleges that the decedent bequeathed equal fifty percent shares of her estate to George and Warren. Thus, the second count claims that George's share of the estate has been wrongfully diminished by Warren's aforementioned misappropriation of the estate's assets. The defendant now moves to strike the second CT Page 10816 count brought by George in her individual capacity.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 91
(1985). A motion to strike admits all facts well pleaded and those facts necessarily implied from the allegations. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 496. "The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, v. BOC Group, Inc.,224 Conn. 210, 215, 618, A.2d 25 (1992). If a pleading "on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted, a motion to strike is required." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991).
The defendant argues that George is attempting to recover the estate's personalty in the second count. The defendant argues that actions designed to recover personalty belonging to the estate or for its use, conversion or injury, are brought by the fiduciary rather than by the heirs or beneficiaries. Accordingly, the defendant argues that the second count of the complaint should be stricken.
The plaintiffs concede that there is authority for the defendant's position that the proper party to bring an action to recover the personalty of an estate is the executrix and not the beneficiaries. The plaintiffs argue, however, that this does not mean that George cannot join the action as a plaintiff. The plaintiffs argue that General Statutes § 52-101 and Practice Book § 83 specifically provide that all persons having an interest in the subject of an action, and in obtaining the judgment demanded, may be joined as plaintiffs. The plaintiffs argue that George has an interest in the judgment demanded because an increase in the value of the estate results in an increase in George's bequeath. Accordingly, the plaintiffs argue that the motion to strike should be denied because George is properly joined as an interested party.
"At common law all causes of action by or against a person terminated and abated upon such person's death." Hayes v. Smith,194 Conn. 52, 61, 480 A.2d 425 (1984); see also Wilhelm, Connecticut Estate Practice: Settlement of Estates, §§ 182-185 (1974). Over the years, however, the legislature has whittled away CT Page 10817 this common law insulation by enacting survivor statutes. Hayes v.Smith, supra (The "[s]urvival of causes of action arise only through the medium of so-called `survival statutes.'"); Wilhelm, supra.
Connecticut's survivor statute, General Statutes § 52-599(a), states: "A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." General Statutes § 52-599(a). Wilhelm has stated that based upon the survival of action statutes "it is obvious that the proper suit, upon a cause of action arising in favor of or against the decedent during his lifetime, is in the name of the fiduciary rather than of the heirs or other beneficiaries of the estate. Actions designed to recover personalty belonging to the estate or for its use, conversion or injury, are brought by the fiduciary rather than by the beneficiaries." (Emphasis added.) Wilhelm, Connecticut Estate Practice: Settlement of Estates, § 271 (1974). Thus, as a general rule, a cause of action arising during the lifetime of the deceased "survives death and is maintainable by the administratrix or executrix of the deceased's estate, and not by his dependents." Keogh v. Bridgeport, 187 Conn. 53, 59,444 A.2d 225 (1982) (concluding that a wrongful death action survives and is maintainable by the executrix or administratrix of the deceased's estate); see also Tata v. Reignier, 6 CSCR 1129 (November 19, 1991, Meadow, J.) (concluding that, in the first instance, the administrator or executor was the proper party to bring the action on behalf of the estate).
There are, however, noted exceptions when a beneficiary or heir of an estate may bring a direct action asserting a claim that arose during the lifetime of the decedent. "As a rule, heirs or distributees of the estate of an intestate may maintain actions to enforce or protect their interests in the estate where there is no administration and no necessity for an administration, as where there are no debts against the estate, or where the plaintiff is the intestate's sole heir, or in the case of fraud, collusion or refusal to sue on the part of the administrator." 26A C.J.S.Descent and Distribution § 85a (1956). Further, after the distribution of the estate, a beneficiary is the proper party to institute an action on behalf of the estate. Wilhelm, Connecticut Estate Practice: Settlement of Estates, § 271 (1974).
Accordingly, to survive a motion to strike, a plaintiff/beneficiary must allege facts that fit within one of CT Page 10818 the noted exceptions that enable or empower a beneficiary to maintain an action to recover personalty allegedly misappropriated from the decedent's estate. Gurliacci v. Mayer, supra,218 Conn. 541-45.
The plaintiff George has not alleged any facts in the second count that would lead to the conclusion that an exception exists. There is not an allegation that the executrix is fraudulently failing to pursue the estate's interest. Indeed, George is the executrix, and in the first count as executrix she makes a claim for the same personalty she seeks to recover in the second count in her individual capacity. Tata v. Reignier, supra, 6 CSCR 1130. Also, the second count has not alleged that the estate has been settled and the assets distributed. Wilhelm, supra, § 271. Therefore, George has failed to allege any facts in the second count that would enable her, as a beneficiary of her mother's estate, to maintain a cause of action to recover the personalty of the estate allegedly misappropriated during the lifetime of the estate's deceased.
A rule that only George as the executrix may recover the personalty of the estate does not injure the expected interest of George as a beneficiary. If George as the executrix proves that Warren misappropriated the decedent's assets, as claimed in the first count, then the estate will recover the misappropriated funds from Warren and George's bequeath will be restored. If, however, George as the executrix fails to prove that Warren injured the estate, then George as a beneficiary cannot be heard to complain that her bequeath was diminished by Warren's alleged misconduct when it was adjudicated that Warren did not injure the estate.[1]
Finally, there is authority, however antiquated it may be, that claims in one's own right and claims as an executor cannot be joined. See Bulkley v. Andrews, 39 Conn. 523, 534 (1873). Accordingly, notwithstanding the plaintiffs' claim that George is only joining as an interested party, the defendant's motion to strike the second count is granted.
SO ORDERED:
ZOARSKI, J.